835 P.2d 1366
122 Idaho 555

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Danny Lee ROSE, Defendant–Appellant.**

**Nos. 19363, 19386.**

Court of Appeals of Idaho.

Aug. 5, 1992.

---

Loveless, Neilsen & Neilsen, Pocatello, for appellant. Michael B. Neilsen, argued.

Larry J. EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth, argued.

SILAK, Judge.

Danny Lee Rose pled guilty pursuant to a plea agreement to charges of aggravated battery, I.C. §§ 18–903 and 18–907(a), and first degree burglary, I.C. §§ 18–1401–02. After he entered his plea, but before the sentencing hearing, Rose moved to withdraw his pleas. The district court denied Rose's motion. Rose appeals arguing that the district court abused its discretion in denying the motion to withdraw the pleas. We affirm.

Rose was originally charged in two different complaints with the crimes of first degree burglary and aggravated battery. The state later charged Rose with being a persistent violator pursuant to I.C. § 19–2514. The burglary charge was based upon breaking into a commercial business and stealing cameras, camera accessories, and a pistol. The charge of aggravated battery stemmed from a separate incident involving the alleged beating and rape of a woman. At some point, the state charged Rose with rape, I.C. § 18–6101. Though the record on appeal does not contain the complaint, the district court referred to the rape charge as case number 5261.

On February 11, 1991, Rose, who was represented by a public defender, entered a plea of not guilty to the burglary charge. On March 4, the district court granted Rose's motion to appoint an investigator to assist Rose with the preparation of his defense. On March 11, Rose pled not guilty to the charges of aggravated battery and being a persistent violator. At the second hearing, the state moved to join the two cases. The district court granted the motion.

During the next ten days, the parties negotiated a plea agreement. Rose filed a motion pursuant to I.C.R. 11 to change his pleas. In return for Rose pleading guilty to the charges of first degree burglary and

aggravated battery, the state agreed to dismiss the charges of rape and of being a persistent violator. The state also agreed not to recommend a sentence in excess of ten years on the charge of aggravated battery and not to recommend a sentence in excess of fifteen years indeterminate on the charge of first degree burglary; however, the state reserved the right to request that the two sentences be served consecutively. Under the terms of the agreement, Rose would also admit to a probation violation in a different case. The parties agreed that the sentences would be served concurrently with a sentence imposed in the state of Utah.

The hearing on the Rule 11 motion was held on March 21, 1991. During the hearing, the district court questioned Rose regarding his ability to understand the proceedings. The court showed special care when it questioned Rose regarding the voluntary nature of the guilty plea. At one point, Rose indicated that he felt he was being coerced into entering the plea. When the court asked Rose to explain, Rose said that if he pled not guilty, he would face the charge of being a persistent violator and that he did not believe he would be able successfully to defend himself against that charge. Rose then acknowledged that he had decided it was in his best interest to plead guilty to the first two charges to avoid being charged with being a persistent violator.

After having determined that Rose had not been threatened or coerced into changing his plea, the court went on to explain the maximum sentences that could be imposed. The court also explained that it was not bound by the state's sentencing recommendations. The court then asked Rose whether he still wanted to enter pleas of guilty on the first two charges. Rose said that he did not. At Rose's request, the court then granted a recess. During the recess, Rose spoke with his attorney.

After the hearing resumed, Rose told the court he understood the court was not bound by the state's sentencing recommendations and that he did want to change his pleas to guilty on the charges of first de-

gree burglary and aggravated battery. The court asked Rose why he had changed his mind. Rose said that the court's previous comments had confused him but that his attorney had explained things to him during their conference. The court then explained to Rose the rights he would be waiving if he pled guilty and the elements of the crimes. Rose indicated that he understood the rights he would be giving up and he admitted to having committed the crimes. The court then accepted Rose's pleas of guilty.

Five days later, Rose wrote a letter to the district court requesting the withdrawal of his guilty pleas and the dismissal and replacement of his lawyer. Rose based the request for withdrawal on the following grounds: (1) he did not fully understand the terms and conditions of the Rule 11 agreement at the time he entered into it; (2) he did not have sufficient opportunity to discuss potential defenses to the pending charges with his attorney; (3) he was coerced into abandoning his defenses and entering guilty pleas to charges he did not commit; and (4) the investigation conducted to support his potential defenses was inadequate and misleading.

The district court held a hearing on April 22, 1991. It granted Rose's request to replace his attorney, but held that Rose had presented no just reason to withdraw his guilty pleas. The court allowed Rose to confer with his new attorney and file a formal motion to withdraw his pleas of guilty.

Through his new attorney, Rose filed a motion to withdraw his guilty pleas on May 3, 1991. On May 6, the court held a sentencing hearing during which the court again considered Rose's motion to withdraw the pleas. Rose told the court that he wished to withdraw the pleas because he felt that his prior counsel had not represented him adequately and because the court-appointed investigator had not contacted all of Rose's potential witnesses. Rose felt that his former attorney and the investigator had misled him regarding the potentially damaging testimony the witnesses would give. Rose reminded the

court that he had expressed some hesitation about entering the guilty pleas at the hearing on March 21, 1991. The district court rejected Rose's arguments and found that he "had not shown a just reason for withdrawing his guilty pleas and that the guilty pleas were [made] ... knowingly, intelligently and voluntarily ..." The court then sentenced Rose to a fixed fifteen-year term for aggravated battery, followed by a consecutive indeterminate term of fifteen years for burglary. Both sentences were ordered to run concurrently with two prior sentences imposed in unrelated cases. This appeal followed.

Rose raises two issues on appeal: (1) he claims his pleas of guilty were not made voluntarily, knowingly, and intelligently; and (2) he contends the district court abused its discretion when it refused to allow him to withdraw his guilty pleas.

■■■ We turn first to the question whether Rose entered his guilty pleas voluntarily, knowingly, and intelligently. A plea of guilty cannot stand unless the record of the entire proceedings on appeal indicates that the plea was entered voluntarily, knowingly and intelligently. *State v. Carrasco,* 117 Idaho 295, 300, 787 P.2d 281, 286 (1990) (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). The question whether a plea is entered voluntarily and knowingly is determined by a three-part inquiry: (1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself; and (3) whether the defendant understood the consequences of pleading guilty. *State v. Colyer,* 98 Idaho 32, 34, 557 P.2d 626, 628 (1976). Idaho law requires that, on appeal, voluntariness of the guilty plea and waiver be reasonably inferred from the record as a whole. *Carrasco,* 117 Idaho at 300, 787 P.2d at 286 (citing *State v. Peterson,* 98 Idaho 706, 571 P.2d 767 (1977)). In Idaho, it is well-settled that the trial court is not specifically required to follow any prescribed litany or to enumerate rights which a defendant waives by pleading guilty, so long as the record as a whole, and all reasonable inferences drawn therefrom, affirmatively show that the plea was made voluntarily, knowingly and intelligently. *Carrasco,* 117 Idaho at 300, 787 P.2d at 286 (citing *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976)).

■ Rose claims he did not enter his pleas voluntarily and knowingly. He contends the investigator and his first attorney misled him into thinking he had no viable defenses. Rose argues that up to and during the execution of the plea agreement, he believed some of his potential witnesses, including his mother, were prepared to testify against him, which he later discovered was untrue. Rose contends that he received inaccurate information and that he misunderstood his potential defenses. Under the terms of the written plea agreement, Rose acknowledged he understood the charges against him and the maximum penalty for each charge. Rose further acknowledged that he understood and freely waived his rights against self-incrimination, a trial by jury, and to confront adversary witnesses. Our review of the transcript of the hearing on the Rule 11 motion reveals that Rose stated he was not coerced into signing the agreement, that he was satisfied with his attorney, and that no one had promised him what sentence he would ultimately receive.

Though at one point Rose indicated that he felt coerced into entering his pleas, the district court's careful questioning revealed that the coercion was actually Rose's unwillingness to face a potential sentence of life imprisonment for being a persistent violator. In response to the court's direct questions on each of the following matters, Rose replied that: (1) he was satisfied with his legal representation and voluntarily entered his plea of guilty; (2) he had reviewed with his attorney his possible defenses and voluntarily waived them; (3) he understood he could be sentenced to a fixed maximum prison term of fifteen years for each crime to which he pled guilty, and the sentences could run consecutively for a possible fixed 30-year sentence; and (4) he

understood that by pleading guilty, he waived his right against compulsory self-incrimination, to a trial by jury, and to confront adversary witnesses.

In addition, the court established that no promises were made to Rose in order to induce him to plead guilty. Rose understood the court could go outside of the state's sentencing recommendations and impose a longer sentence. Though Rose may have been justifiably concerned about the terms of imprisonment he faced, the record as a whole does not indicate that he entered his guilty pleas unwillingly or without knowledge of the consequences of that action. We conclude that the record shows that Rose entered the guilty pleas knowingly, voluntarily, and intelligently.

We turn next to the question whether the district court abused its discretion by refusing to allow Rose to withdraw his guilty pleas before he was sentenced. Under I.C.R. 33(c), a criminal defendant may withdraw a plea of guilty prior to sentencing upon a showing of just cause.[1] The standard for review on appeal in cases where a defendant has attempted to withdraw a guilty plea is whether the district court abused its discretion in denying the motion. *Carrasco,* 117 Idaho at 298, 787 P.2d at 284. The presentence withdrawal of a guilty plea is not an automatic right. *Id.* The defendant has the burden of proving that the plea should be withdrawn. *Id.* Failure to present and support a plausible reason, even absent prejudice to the prosecution, will weigh against granting withdrawal. *State v. Rodriguez,* 118 Idaho 957, 959, 801 P.2d 1308, 1310 (Ct.App.1990) (citing *State v. Ballard,* 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988)).

Rose argues that he showed just reason to withdraw his pleas because his first attorney and the court-appointed investigator misled him into thinking that he had no viable defenses. At the hearing on May 8, 1991, Rose indicated that he had talked to his mother and other witnesses who would help him prove his innocence. Rose explained that his mother would testify that he had been in the house where the alleged rape and aggravated battery took place at the time the crimes occurred. Rose also explained that he had witnesses who would testify that he talked to them on the phone while he was at that house; Rose felt that their testimony would impeach the testimony of the alleged victim. Rose claimed that the investigator had failed to discover these witnesses. The district court noted the fact that Rose had been in the house had never been in controversy because Rose had admitted being at the house. Even assuming that the investigator had somehow misinterpreted these witnesses' statements, there is nothing in Rose's version of their testimony which would establish a defense. Their testimony would merely corroborate a fact that Rose had already admitted.

In addition, Rose argues that the district court incorrectly applied the stricter standard requiring a showing of manifest injustice which is required when a defendant attempts to withdraw a plea after sentencing. Rose contends that the district court abused its discretion by requiring him to prove that he had a good defense or to provide affidavits from his witnesses indicating their anticipated testimony. Rose insists that this level of proof is not needed to show a just reason for withdrawing a guilty plea prior to sentencing; he submits this level of proof is that required to prove manifest injustice. We disagree.

In order to carry his burden of proving a just reason for withdrawing his guilty pleas, Rose must present a plausible reason to justify the withdrawal. He has failed to meet this burden. Rose was unable to provide information regarding any substantive testimony that would prove facts other than those already in the record. Rose did not show that the potential witnesses whom he claimed the investi-

---

1. I.C.R. 33(c). Withdrawal of plea of guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

gator had overlooked would present testimony which would help Rose's case in any way; moreover, Rose presented no facts which indicated that his first attorney and the investigator had misled him regarding his potential defenses.

We note that the case at hand is distinguishable from *State v. Jackson*, 96 Idaho 584, 532 P.2d 926 (1975), a case in which our Supreme Court reversed a lower court's order denying the defendant's motion to withdraw a plea of guilty. In *Jackson*, the defendant was charged with first degree kidnapping but denied commission of the acts constituting the elements of the crime. Because the defendant did not admit having committed the crime, our Supreme Court held that it was error not to allow him to withdraw his plea prior to sentencing. In the present case, Rose admitted having committed the acts which constituted the elements of the crimes with which he was charged. Based on this fact, the cases are distinguishable and the holding in *Jackson* does not provide authority to reverse the order denying Rose's motion to withdraw his pleas.

■ We conclude that Rose's arguments with regard to the court's abuse of its discretion are unpersuasive. Although Rose presented a number of allegations, he provided no support for those allegations. *State v. Detweiler*, 115 Idaho 443, 767 P.2d 286 (Ct.App.1989). On appeal, refusal of permission to withdraw a plea of guilty can be reviewed only as to the question whether the lower court has exercised judicial discretion as distinguished from arbitrary action. In this case, the district court properly employed the discretion accorded to it in denying the withdrawal of a constitutionally valid guilty plea in a situation where the defendant was unable to present any plausible justification for doing so.

We affirm the order denying Rose's motion to withdraw his guilty pleas. Rose's pleas of guilty were made voluntarily, knowingly, and intelligently. Rose failed to meet his burden of proving that he had a just reason for withdrawing his plea. Therefore, the district court acted within the bounds of its discretion when it denied Rose's motion.

WALTERS, C.J., and SWANSTROM, J., concur.