IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43483

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 470 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  April 5, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WALLACE E. MORGAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County.  Hon. Jonathan P. Brody, District Judge; Hon. Rick L. Bollar, Magistrate.

Order from the district court, on intermediate appeal, affirming the magistrate's denial of motion to withdraw guilty plea, <u>vacated</u> and <u>case remanded</u>.

Dennis Byington, Mini-Cassia Public Defender; Jacob D. Twiggs, Deputy Public Defender, Burley, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Wallace E. Morgan appeals from the district court's order, on intermediate appeal, affirming the magistrate's denial of Morgan's motion to withdraw his guilty plea.  Specifically, Morgan argues the district court abused its discretion because Morgan demonstrated a just reason to withdraw his guilty plea.  For the reasons explained below, we vacate the district court's order and remand for further proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2014, an officer stopped Morgan after the officer observed Morgan driving erratically.  Morgan's eyes were glassy and red, and his speech was somewhat slurred.  The officer arrested Morgan for driving under the influence (DUI) after Morgan failed field sobriety

tests. Morgan was transported to jail, and a pat search revealed marijuana in his pocket. Morgan refused to submit to a blood draw, so his driver's license was automatically suspended pursuant to Idaho Code § 18-8002A(2)(c).[1]

The State charged Morgan with DUI and possession of marijuana. In August 2014, Morgan and the State entered into a plea agreement. Morgan pled guilty to possession of marijuana. In exchange, the State dismissed the DUI charge and a separate misdemeanor for driving without privileges. Pursuant to the plea agreement, the court also entered an order rescinding the suspension of Morgan's driver's license. The case was set for sentencing on September 2, 2014.

Prior to sentencing, Morgan learned that the Idaho Transportation Department disregarded the court's order to rescind his driver's license suspension. The Department reasoned that the suspension was administrative in nature and not subject to court review. Morgan subsequently filed a motion to withdraw his guilty plea, arguing that his driver's license suspension being rescinded was material to his agreeing to the offer. The magistrate heard arguments on the motion and determined that Morgan failed to make the requisite showing of just reason to withdraw the guilty plea. The magistrate reasoned that the material term-- rescinding the driver's license suspension--was a legal impossibility. Moreover, the magistrate reasoned that granting the motion to withdraw the guilty plea was not in Morgan's interest because the State could then pursue the two enhanceable misdemeanors that were originally dismissed. The magistrate therefore denied Morgan's motion.

The magistrate sentenced Morgan for possession of marijuana. Morgan appealed from the denial of his motion to withdraw his guilty plea. The district court affirmed the magistrate's denial of the motion, reasoning that the magistrate did not abuse its discretion and exercised sound judgment in denying Morgan's motion. Specifically, the district court determined that Morgan failed to show just reason to withdraw his guilty plea because he did not demonstrate that withdrawal would have any effect on the state of his driver's license and because Morgan failed to demonstrate that he did not understand the charges to which he pled guilty. Morgan

---

[1]    Idaho Code § 18-8002A(2)(c), the administrative license suspension statute, mandates driver's license suspension upon failure to submit to or failure to pass evidentiary testing for alcohol or other intoxicating substances.

2

appeals from the district court's order affirming the magistrate's denial of his motion to withdraw his guilty plea.

## II.

## ANALYSIS

Morgan argues the district court erred in affirming the magistrate's denial of Morgan's motion to withdraw his guilty plea because he demonstrated just reason for withdrawal. When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, we do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the trial court. *State v. Hanslovan*, 147 Idaho 530, 535, 211 P.3d 775, 780 (Ct. App. 2008). When the motion is made before the pronouncement of sentence, such discretion should be liberally applied. *Id.* Before sentencing, the inconvenience to the court and prosecution resulting from a change of plea is usually slight compared to protecting the right of the accused to trial by jury. *State v. Hawkins*, 117 Idaho 285, 291, 787 P.2d 271, 277 (1990); *State v. Johnson*, 120 Idaho 408, 415, 816 P.2d 364, 371 (Ct. App. 1991). Presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of showing a "just reason" exists to withdraw the plea. *Hawkins*, 117 Idaho at 289, 787 P.2d at 275; *Hanslovan*, 147 Idaho at 535, 211 P.3d at 780. Once the defendant demonstrates a just reason for withdrawing the plea, the State may avoid the granting of the motion by demonstrating that prejudice would result from withdrawal of the plea. *Hawkins*, 117 Idaho at 289, 787 P.2d at 275; *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988). The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the State. *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000).

3

Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the trial court exercised sound judicial discretion as distinguished from arbitrary action. *State v. Gonzales*, 158 Idaho 112, 115, 343 P.3d 1119, 1122 (Ct. App. 2015). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Morgan maintains the just reason for withdrawing his guilty plea before sentencing was that a term of the plea agreement--requiring the magistrate to enter an order rescinding his driver's license suspension--was unfulfilled and that this term was material to his agreeing to the offer. Had the offer not included the driver's license suspension rescindment, Morgan argues he would not have accepted the offer and would have proceeded to trial on both the charges. However, the material term that formed the basis of Morgan's motion to withdraw his guilty plea was determined by the magistrate to be a "legal impossibility." The Idaho Transportation Department disregarded the magistrate's order to rescind Morgan's driver's license suspension because the suspension is administrative in nature. Indeed, pursuant to I.C. 18-8002A(7):

> The facts as found by the hearing officer shall be independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence. The disposition of those criminal charges shall not affect the suspension required to be imposed under the provisions of this section.

Implicit in Morgan's argument is that he did not understand the possibility that the Idaho Transportation Department would disregard the magistrate's order to reinstate his driver's license.

The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was voluntarily, knowingly, and intelligently made. *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976); *State v. Williston*, 159 Idaho 215, 218, 358 P.3d 776, 779 (Ct. App. 2015). "If a plea was not taken in compliance with constitutional due process standards, which require that a guilty plea be made voluntarily, knowingly and intelligently, then . . . 'just reason' will be established as a matter of law." *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App.

4

2009); *see also State v. Heredia*, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007). The question of whether a plea is entered voluntarily and knowingly is determined by a three-part inquiry: (1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself; and (3) whether the defendant understood the consequences of pleading guilty. *Colyer*, 98 Idaho at 34, 557 P.2d at 628. Idaho law requires that, on appeal, voluntariness of the guilty plea and waiver be reasonably inferred from the record as a whole. *State v. Carrasco*, 117 Idaho 295, 300, 787 P.2d 281, 286 (1990). In Idaho, it is well-settled that the trial court is not specifically required to follow any prescribed litany or to enumerate rights which a defendant waives by pleading guilty, so long as the record as a whole, and all reasonable inferences drawn therefrom, affirmatively show that the plea was made voluntarily, knowingly and intelligently. *Colyer*, 98 Idaho 32, 35, 557 P.2d 626, 629 (1976); *Carrasco*, 117 Idaho at 300, 787 P.2d at 286.

In *State v. Rose*, 122 Idaho 555, 556, 835 P.2d 1366, 1367 (Ct. App. 1992), the defendant pled guilty to aggravated battery and first degree burglary. In exchange, the State dismissed a rape charge and a persistent violator enhancement. *Id.* at 556-57, 835 P.2d 1367-68. The State also agreed not to recommend a sentence in excess of ten years on the aggravated battery charge and not to recommend a sentence in excess of fifteen years indeterminate on the first degree burglary charge. *Id.* at 557, 835 P.2d at 1368. The court, however, went outside the recommendation and imposed longer sentences than the State sought. *Id.* at 558, 835 P.2d at 1369. The defendant argued that his guilty pleas were not voluntarily and knowingly entered. *Id.* We held otherwise, reasoning in part that the defendant understood the court could go outside the State's sentencing recommendations and impose a longer sentence because the court instructed Rose that maximum sentences could be imposed. *Id.* at 559, 835 P.2d at 1370. That is, we concluded that the defendant understood the consequences of pleading guilty.

Conversely, when a defendant fails to understand the inevitable consequences of his guilty plea because the material benefit for which the defendant had bargained when he entered the plea is legally impossible for him to obtain, the defendant's plea is unknowing and involuntary. *State v. Denk*, 758 N.W.2d 775, 789 (Wis. 2008); *State v. Dawson*, 688 N.W.2d 12, 16-17 (Wis. Ct. App. 2004). Thus, a plea agreement that cannot be fulfilled based upon legal impossibility should be vacated. *State v. Wilson*, 703 S.E.2d 301, 307 (W. Va. 2010).

5

Whether the defendant understood the consequences of pleading guilty, which is the third part of the inquiry used to determine whether a plea is entered voluntarily, knowingly and intelligently, is most relevant in this case. Morgan essentially argues that he did not understand the possibility that the Idaho Transportation Department would disregard the magistrate's order to reinstate his driver's license. Thus, Morgan effectively argues he did not understand the consequences of pleading guilty. The rescission of the license suspension was a bargained-for consequence of the plea. That rescission did not happen, and in fact could not happen, was a consequence that was not understood. Furthermore, the record reveals the parties understood the magistrate had "done this before" and understood the magistrate to mean that if he did enter an order to rescind the suspension, it would be possible for Morgan to get his license back. Thus, Morgan did not enter the guilty plea knowingly and intelligently because the court lacked jurisdiction to rescind Morgan's driver's license suspension. Rescinding Morgan's driver's license suspension was a legal impossibility.

The district court correctly noted that there is no indication that a withdrawal of Morgan's guilty plea would have any effect on the state of Morgan's license. However, Morgan contends he would not have pled guilty had he known that the court lacked jurisdiction to reinstate his driver's license. Any defendant would assume that when a guilty plea stipulates that the court will enter an order to reinstate a driver's license, the court in fact has the authority for such action and such action will be carried out.[2] This case is different from *Rose* because the defendant there knew that the court could go outside the recommended sentence. Here, Morgan did not know and could not reasonably know, unless his attorney informed him otherwise, that the magistrate was unable to reinstate his driver's license.

Because Morgan did not enter his guilty plea knowingly or intelligently, a just reason for withdrawal of the plea exists as a matter of law. The State on appeal failed to demonstrate, or even argue, that prejudice would result from withdrawal of the plea. Accordingly, this motion should have been granted. The district court's order affirming the denial of Morgan's motion to withdraw his guilty plea is vacated and the case is remanded with direction to allow Morgan to withdraw his guilty plea. The State is permitted to refile the DUI and driving without privileges

---

[2]     We recognize that the "Notice of Suspension for Failure of Evidentiary Testing" advised Morgan that the administrative suspension is separate from any other suspension ordered by the court. However, the magistrate implied it could reinstate Morgan's driver's license, and Morgan had no reason to believe otherwise.

charges that were dismissed as a result of the plea agreement. *State v. Henderson*, 113 Idaho 411, 414, 744 P.2d 795, 798 (Ct. App. 1987).

## III.

## CONCLUSION

The district court erred in affirming the magistrate's denial of Morgan's motion to withdraw his guilty plea because Morgan did not enter his guilty plea knowingly or intelligently. The district court's order is vacated and the case is remanded for proceedings consistent with this opinion.

Judge GRATTON and Judge HUSKEY **CONCUR**.