# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 32249

STATE OF IDAHO,

    Plaintiff-Appellant,

v.

GILBERT HEREDIA,

    Defendant-Respondent.

)
)  Boise, December 2006 Term
)
)  2007 Opinion No. 25
)
)  Filed:  February 15, 2007
)
)  Stephen W. Kenyon, Clerk
)

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County.  Honorable Renae J. Hoff, District Judge.  Honorable James A. Schiller, Magistrate Judge.

The decision of the magistrate court denying a motion to withdraw a guilty plea is <u>reversed</u>.

Honorable Lawrence G. Wasden, Attorney General, Boise, for appellant. Courtney E. Beebe argued.

Wiebe & Fouser, P.A., Caldwell, for respondent.  Dayo O. Onanubosi argued.

_____

SCHROEDER, Chief Justice.

    Gilbert Heredia seeks to withdraw his guilty plea to involuntary manslaughter after sentencing, alleging that he was not informed of a direct consequence at the time of pleading.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

    Heredia was charged and pled guilty to involuntary manslaughter as a misdemeanor due to his involvement in a fatal automobile accident.  The magistrate judge did not inform him prior to the plea that under Idaho Code Section 18-4007(3)(d) he could be ordered to pay child support for the victim's children.  At sentencing the magistrate court ordered him to pay child support for the victim's five minor children in addition to license suspension, fine, jail sentence, probation,

and community service. Heredia filed a motion to withdraw his guilty plea based on the fact that he had not been advised of the child support consequence prior to his plea. The magistrate court denied the motion based on its finding that Heredia failed to demonstrate manifest injustice since he and his counsel knew the court could order child support and that child support is a collateral consequence of which Heredia need not be informed.

Heredia appealed to the district court which reversed the magistrate court's decision, concluding that child support is a direct consequence of which Heredia should have been informed before he pled guilty and that Heredia established manifest injustice because the record did not show that he knew the court could order him to pay child support. The State appeals, alleging that the district court erred.

## II.
## STANDARD OF REVIEW

When reviewing a decision of the district court acting in its appellate capacity, the Supreme Court will review the record and the magistrate court's decision independently of, but with due regard for, the district court's decision. *Doe v. State,* 137 Idaho 758, 760, 53 P.3d 341, 343 (2002).

A motion to withdraw a guilty plea brought after sentencing will only be granted to correct manifest injustice. Idaho Criminal Rule 33(c); *State v. Huffman,* 137 Idaho 886, 887, 55 P.3d 879, 880 (Ct. App. 2002). Because a guilty plea by a criminal defendant waives certain constitutional rights, including the privilege against self-incrimination, the right to a jury trial, and the right of confrontation, a guilty plea will only be upheld if the entire record demonstrates that the waiver was made voluntarily, knowingly, and intelligently. *Ray v. State,* 133 Idaho 96, 99, 982 P.2d 931, 934 (1999); *accord State v. Colyer,* 98 Idaho 32, 33-34, 557 P.2d 626, 627-28 (1976). Manifest injustice occurs if this standard requiring a voluntary, knowing, and intelligent waiver is not met. *Huffman,* 137 Idaho at 887, 55 P.3d at 880.

## III.
## THE POSSIBILITY OF CHILD SUPPORT IS A DIRECT CONSEQUENCE OF A GUILTY PLEA TO VEHICULAR MANSLAUGHTER

Heredia pled guilty to vehicular manslaughter, defined in I.C. § 18-4006(3)(c) as "vehicular – in which the operation of a motor vehicle is a significant cause contributing to the death because of: … (c) the commission of an unlawful act, not amounting to a felony, without

2

gross negligence." The possible punishments for non-felony vehicular manslaughter as described in I.C. § 18-4007(3) are:

> (c) For a violation of section 18-4006 3.(c), Idaho Code, by a fine of not more than two thousand dollars ($2,000), or by a jail sentence not exceeding one (1) year, or by both such fine and jail sentence.
>
> (d) In addition to the foregoing, any person convicted of a violation of section 18-4006 3., Idaho Code, which resulted in the death of the parent or parents of minor children may be ordered by the court to pay support for each such minor child until the child reaches the age of eighteen (18) years. Support shall be established in accordance with the child support guidelines then in effect, and the nonpayment of such support shall be subject to enforcement and collection by the surviving parent or guardian of the child in the same manner that other child support orders are enforced as provided by law. In no event shall the child support judgment or order imposed by the court under this section be paid or indemnified by the proceeds of any liability insurance policy.
>
> (e) In addition to the foregoing, the driver's license of any person convicted of a violation of section 18-4006 3., Idaho Code, may be suspended for a time determined by the court.

Heredia was not informed prior to his plea of the provision in I.C. § 18-4007(3)(d) that he might be ordered to pay child support. A guilty plea will only be upheld if the entire record demonstrates that the waiver was made voluntarily, knowingly, and intelligently. *Ray,* 133 Idaho at 99, 982 P.2d at 934; *Colyer,* 98 Idaho at 33-34, 557 P.2d at 627-28. There is a prima facie showing that a plea was entered into knowingly and voluntarily when the minimum requirements of I.C.R. 11 are met. *Ray,* 133 Idaho at 99, 982 P.2d at 934. Idaho Criminal Rule 11 states that when a defendant in Idaho enters a guilty plea "the record of the entire proceedings, including reasonable inferences therefrom, must show: … the defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply." I.C.R. 11(c)(2). The trial court is not required to inform a defendant of consequences that are collateral or indirect. *Huffman,* 137 Idaho at 887, 55 P.3d at 880; *Ray,* 133 Idaho at 99-101, 982 P.2d at 934-36.

The Court discussed three factors in *Ray*: (1) the defendant's power to prevent the consequence; (2) the punitive or remedial nature of the consequence; and (3) the amount of control the sentencing judge has over imposing the consequence. *Ray,* 133 Idaho at 99-101, 982 P.2d at 934-36. The "power to prevent" analysis infers that where a possible consequence is within the defendant's power to prevent, such as persistent violator status, it is collateral to a

guilty plea. *Id.* at 99, 982 P.2d at 934. The "amount of control" discussion by the Court infers that where a judge has no control over a consequence, such as mandatory registration on the sex offender watch list, it is collateral to a guilty plea. *Id.* at 101, 982 P.2d at 936. These factors indicate that a direct consequence is involved where a judge has a large amount of control over the consequence and the defendant had no power to prevent its occurrence. In *Ray*, the Court also assessed the remedial or punitive nature of the consequence in determining whether sex offender registration was a direct or collateral consequence, concluding that registering was not a deterrent, that the primary intent of the legislature was informative, that it was not excessive in relation to its non-punitive purpose, and that a defendant can petition to be relieved of the duty to register. *Id.* at 99-101, 982 P.2d at 934-36.

Analysis of the factors discussed in *Ray* lead to the conclusion that child support is a direct consequence of a guilty plea to vehicular manslaughter. Heredia had no power to prevent the consequence of child support. The judge had control of the consequence of child support. Doubtless there are remedial elements in the possibility of child support in the vehicular manslaughter statute. However, it is also clear that there is a strong punitive intent in the statute. The possibility is listed under I.C. § 18-4007, entitled "Punishment for Manslaughter." Also showing the punitive nature of the consequence is the provision that "[i]n no event shall" the child support be paid or indemnified by proceeds of a liability insurance policy. I.C. § 18-4007(3)(d). If the child support were purely remedial in nature, one of the ways to ensure payment would be through an insurance policy.

Part of knowingly and intelligently pleading guilty involves understanding the nature of the consequences which the Court may impose. This includes analysis of the disproportionate nature of the consequence when compared to the other consequences of which the defendant was informed. Heredia was told of the possibility of a maximum $2,000 fine, a year of jail time, and suspension of his driving privileges. Child support for five minor children until they reach the age of 18 is of major magnitude in comparison to the financial threat of the fine of which he was advised. Heredia should have been advised of the potential by the magistrate court before entering a plea.

4

## IV.
## HEREDIA MAY WITHDRAW HIS GUILTY PLEA

The State argues that Heredia did not establish manifest injustice, pointing to the fact that his attorney argued against child support in his sentencing memorandum and orally at the sentencing hearing. Heredia did not indicate that he did not know child support was a possible consequence when the magistrate asked if he wanted to say anything. The magistrate court inferred that Heredia knew about the possibility of paying child support based upon his attorney's arguments and his failure to express surprise when child support was addressed at sentencing.

Manifest injustice will be found if the plea was not taken in compliance with the constitutional due process standards requiring that a guilty plea be entered into voluntarily, knowingly, and intelligently. *Huffman,* 137 Idaho at 887, 55 P.3d at 880. While I.C.R. 11 meets this standard, it has not been held to be constitutionally mandated in order to fulfill the requirement of a voluntary, knowing, and intelligent plea. *State v. Weber,* 140 Idaho 89, 95, 90 P.3d 314, 320 (2004). The record of the entire proceedings must affirmatively show that the defendant was informed of that consequence before the plea was accepted. *State v. Rodriguez,* 117 Idaho 292, 294-95, 787 P.2d 278, 280-81 (1990) (citing *Colyer,* 98 Idaho at 35, 557 P.2d at 629). This can be shown by statements other than from the defendant, such as statements by the defendant's counsel that the defendant has been fully informed. *Id*. This does not stand for the proposition that knowledge of the defendant's attorney can be imputed to the defendant absent evidence that the knowledge of the attorney has been communicated to the defendant. Heredia was informed of the constitutional rights he was giving up. The magistrate court informed Heredia of the possible penalties by stating:

> I'm free to impose any lawful sentence for vehicular manslaughter which includes a fine of up to – let me double-check this. I want to make sure I don't state it incorrectly. This is not amounting to a felony. It's charged under 3(c). Okay. Without gross negligence. I'm free to impose a fine of up to $2,000. I'm free to impose up to one year in jail or both.
>
> In addition to that, I may suspend your driver's license for a time to be determined by the Court. And since there's not a cap on that, I think that arguably the Court could permanently suspend your driving privileges. So do you understand that those are the maximum penalties and that I'm free to impose any penalty up to the maximum?

5

The record does not show that the defendant was informed of the consequence of child support. It was not listed as a consequence of the plea when Heredia entered his guilty plea. The only mention of child support in the record is at sentencing. This is not "before a plea of guilty is accepted" as required by I.C.R. 11. Heredia may withdraw his guilty plea.

## V.
## CONCLUSION

The decision of the magistrate court denying Heredia's motion to withdraw guilty plea is reversed.

Justices TROUT, EISMANN, BURDICK and JONES CONCUR.