# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36036-2009

STATE OF IDAHO,                    )
                                     )       **Boise, February 2011 Term**
      **Plaintiff-Respondent,**     )
                                       )       **2011 Opinion No. 30**
**v.**                                   )
                                     )       **Filed: March 17, 2011**
**HALTON FLOWERS,**          )
                                     )       **Stephen W. Kenyon, Clerk**
      **Defendant-Appellant.**     )
                                     )

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, in and for Bannock County. The Hon. Peter C. McDermott and the Hon. Robert C. Naftz, District Judges.

The judgment and order of the district court are <u>affirmed</u>.

Silvey Law Office, Ltd., Kuna, for appellant. Greg S. Silvey argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Lori A. Fleming argued.

---

EISMANN, Chief Justice.

In this appeal, the defendant challenges his sentence for statutory rape and the denial of his post-sentencing motion to withdraw his guilty plea on the ground that he had not been advised of the requirement that he register as a sexual offender. We affirm the judgment and the order of the district court.

## I. FACTS AND PROCEDURAL HISTORY

Twenty-four-year-old Halton Flowers (Defendant) was charged with three felonies: raping a sixteen-year-old girl in violation of Idaho Code § 18-6101(1); committing lewd conduct upon a fourteen-year-old girl in violation of Idaho Code § 18-1508; and attempting to commit lewd conduct upon a fifteen-year-old girl in violation of Idaho Code §§ 18-306 and 18-1508. All three crimes were alleged to have been committed in August 2007.

The State and Defendant agreed to a plea agreement under which Defendant would plead guilty to the rape charge, the State would dismiss the other two charges, and the State would recommend a sentence of ten years in the custody of the Idaho Board of Correction, with three years fixed and seven years indeterminate.[1] Pursuant to that plea agreement, Defendant pled guilty to the rape charge on October 27, 2008, and the other two charges were dismissed.

On December 15, 2008, the district court sentenced Defendant on the rape charge to fifteen years in the custody of the Idaho Board of Correction, with five years fixed and ten years indeterminate. The following day Defendant filed a motion to reduce the sentence pursuant to Rule 35 of the Idaho Criminal Rules. The court heard that motion on January 26, 2009, and denied it. Defendant filed a notice of appeal on December 31, 2008.

On September 25, 2009, Defendant filed a motion to withdraw his guilty plea pursuant to Idaho Criminal Rule 33(c). He alleged that he should be permitted to withdraw the plea because the district court had not complied with Idaho Criminal Rule 11(d)(2) by informing him of the requirements to register as a sexual offender. The court denied the motion by order issued on November 10, 2009.[2] That order was included in the appeal pursuant to Idaho Appellate Rule 11(c)(9) as an "order made after judgment affecting the substantial rights of the defendant or the state."

## II. ISSUES ON APPEAL

A. Did the district court abuse its discretion in denying Defendant's motion to withdraw his guilty plea?

B. Did the district court abuse its discretion in imposing sentence?

## III. ANALYSIS

**A. Did the District Court Abuse Its Discretion in Denying Defendant's Motion to Withdraw His Guilty Plea?**

---

[1] A defendant is required to serve the fixed portion of the sentence and is then eligible for parole during the indeterminate portion.

[2] Judge Naftz heard and decided Defendant's motion to withdraw his guilty plea, and Judge McDermott was the presiding judge in the prior proceedings.

2

Idaho Criminal Rule 33(c) states: "A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea." "The rule distinguishes between pleas made prior to and after sentencing, exacting a less rigorous measure of proof for presentence motions." *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). To withdraw a guilty plea prior to sentencing, the defendant must show a just reason for withdrawing the plea. *Id*. If he does so, then the State may avoid the granting of the motion by showing that prejudice would result if the plea were withdrawn. *Id*. A showing of manifest injustice is necessary in order to withdraw a guilty plea after sentencing. "A motion to withdraw a guilty plea brought after sentencing will only be granted to correct manifest injustice." *State v. Heredia*, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007).

**1. Defendant must show manifest injustice.** Defendant moved to withdraw his guilty plea nine months after the district court sentenced him. Defendant contends that the motion should be considered as having been made before sentencing because the sentencing was void. According to Defendant, "the court never actually accepted the plea of guilty after it had made the determinations required by I.C.R. 11(c) or adjudged him guilty of the crime." If it did not accept the guilty plea, then Defendant "was never formally adjudged guilty under I.C. § 19-101"; "[s]ince he had never been adjudged guilty, he could not be sentenced"; and "thus his sentence was illegal, and he was being unlawfully held in prison."

Idaho Criminal Rule 11(c) states:

> Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:
> (1) The voluntariness of the plea.
> (2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply.
> (3) The defendant was advised that by pleading guilty the defendant would waive the right against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses against the defendant.
> (4) The defendant was informed of the nature of the charge against the defendant.
> (5) Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.

3

In this case, Defendant's attorney recited the plea agreement to the district court, and then the prosecutor agreed with the recitation and moved to dismiss two of the charges. The court granted the motion and asked Defendant if he would like to enter a new plea to the rape charge. Defendant answered that he would, the court asked what the plea was, and Defendant responded, "Guilty." The court then asked some questions about Defendant's knowledge or belief about the victim's age, his understanding that a mistaken belief she was over eighteen years of age was not a defense to the rape charge, and whether the act of sexual intercourse was consensual. The court then said, "I accept the plea of guilty to count one [the rape charge]," and the court then proceeded to question Defendant to make a record of the matters set forth in subsections (1) through (5) of Rule 11(c). Defendant contends that because the court's verbal acceptance of the guilty plea preceded rather than followed the questioning, the court never properly accepted the guilty plea.

Defendant has not pointed to any authority requiring that the court verbally announce that it has accepted a defendant's plea of guilty. Idaho Code § 19-101 states, "No person can be punished for a public offense except upon a legal conviction in a court having jurisdiction thereof." Idaho Code § 19-109 states, "No person can be convicted of a public offense unless by the verdict of a jury, accepted and recorded by the court, or upon a plea of guilty . . . ." "Thus, a conviction occurs 'by the verdict of a jury . . . or upon a plea of guilty' and it must precede punishment." *United States v. Sharp*, 145 Idaho 403, 404, 179 P.3d 1059, 1060 (2008). There is no requirement that a court orally announce that it has accepted a guilty plea in order for there to be a conviction. The court questioned Defendant at length to ensure that he had pled guilty voluntarily, knowingly, and intelligently, and it then announced a date for imposing sentence. The court obviously had accepted Defendant's guilty plea because it could not proceed to sentencing if it had not done so. Therefore, Defendant was required to show manifest injustice in order to withdraw his plea of guilty.

**2. District court's failure to comply with Idaho Criminal Rule 11(d)(2) did not constitute manifest injustice.** Defendant contends that his plea was not knowingly, intelligently, and voluntarily entered because the district court failed to comply with Idaho Criminal Rule 11(d)(2) by advising him that he would be required to register as a sex offender. "Manifest injustice occurs if this standard requiring a voluntary, knowing, and intelligent waiver

4

is not met." *State v. Heredia*, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007). To determine whether a plea was entered voluntarily, knowingly, and intelligently, we examine the record to determine:

> (1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself; and (3) whether the defendant understood the consequences of pleading guilty.

*State v. Dopp*, 124 Idaho 481, 484, 861 P.2d 51, 54 (1993).

Defendant does not contend that he did not understand the nature of the charges, and the record shows that he did. Count 1 of the information alleged, "That the said HALTON LEE FLOWERS, in the County of Bannock, State of Idaho, on or about the 1st day of August, 2007, did accomplish an act of sexual intercourse with a person, under the age of eighteen, A. C. of the present age of sixteen (16) years." The district court stated that before accepting the plea he was going to ask some questions, and the first question was, "In Bannock County, Idaho, on or about August 1, 2007, did you accomplish an act of sexual intercourse with a person under the age of eighteen, being then the age of sixteen?" Defendant answered, "Yes, sir." The court then inquired about Defendant's belief as to the victim's age, his knowledge that a mistake as to her age was not a defense, and his understanding that she could not legally consent to sexual intercourse.

Defendant does not contend that he was coerced into pleading guilty, and during his colloquy with the court, Defendant stated that nobody had threatened him or promised him anything to plead guilty and that his guilty plea was entirely voluntary and of his own free will. Near the end of the colloquy, the court again asked Defendant if the plea was entirely voluntary and of his own free will, and Defendant answered that it was.

Defendant does not contend that he did not knowingly and intelligently waive his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself. Prior to pleading guilty, Defendant filled out a "Guilty Questionnaire." One of the questions was as follows:

> 14. Do you understand that you have a Constitutional right to:
>     A. Jury trial where the State must convince all jurors of your guilt?

5

B.  Remain silent and not make any statement to the Court or any person that will incriminate you, or any way help to prove the charges against you?

C.  Require that all persons who have accused you of the crime appear in Court and be questioned under oath?

To the right of each question was a line in which Defendant wrote, "Yes."  During the colloquy, the court explained these rights to Defendant in greater detail, and Defendant stated that he understood he was waiving them by pleading guilty.

Defendant contends that he did not understand the consequences of pleading guilty because, "At no time before this [sentencing] hearing or prior to entering my plea was I advised by my counsel or the court of the punishment and requirement to register that I'd be subject to . . . ."[3]  Defendant knew the maximum sentence for the crime of rape.  In the Guilty Questionnaire, Defendant was asked, "What is the maximum prison sentence that you may receive for each crime?"  In the line below the question, he wrote, "Life Count 1."  In its colloquy with Defendant, the court stated:  "And, sir, this is a felony, and the legislature has set the maximum sentence you could receive.  It could be up to life in a state correctional facility without parole or good time."  The court did not inform Defendant that he would be required to register as a sexual offender.

Prior to accepting a guilty plea, a court is only required to inform the defendant of the direct consequences of the plea.  *Ray v. State*, 133 Idaho 96, 99, 982 P.2d 931, 934 (1999).  "[S]ex offender registration is a collateral consequence of a guilty plea.  Therefore, the district judge's failure to inform [Defendant] prior to entry of his plea that he would be required to register as a sex offender does not invalidate his plea." *Id.*

Idaho Criminal Rule 11(d)(2) provides:

(d)  Other advisories upon acceptance of plea.  The district judge shall, prior to entry of a guilty plea or the making of factual admissions during a plea colloquy, instruct on the following:
. . . .
(2) If the defendant is pleading guilty to any offense requiring registration on the sex offender registry, the court shall inform the defendant of such registration requirements.

---

[3] Prior to sentencing, Defendant knew of the requirement to register as a sexual offender.  During his statement to the district court, Defendant brought up the fact that he would be required to register as a "sexual offender."

The failure to comply with Idaho Criminal Rule 11 does not, by itself, constitute manifest injustice. That rule "has not been held to be constitutionally mandated in order to fulfill the requirement of a voluntary, knowing, and intelligent plea." *State v. Heredia*, 144 Idaho 95, 98, 156 P.3d 1193, 1196 (2007). Likewise, amending the rule in 2007 to add subsection (d)(2) did not transform the registration requirement into a direct consequence of the plea.

**3. Alleged violations of the plea agreement.** Defendant contends that there is manifest injustice because the State violated the plea agreement. He asserts that the first two violations occurred during the sentencing hearing because the presentence report and the prosecutor's comments both referred to facts relating to the dismissed charges. There was no violation of the plea agreement.

The plea agreement, as stated by Defendant's counsel, was: "He is going to plead guilty to statutory rape. The State's going to recommend three fixed, seven indeterminate and they're going to dismiss all other charges in all other cases. We're free to make our own recommendations at sentencing." The plea agreement did not in any way restrict the information that the State could provide to the district court at sentencing.

Under the plea agreement, the prosecutor agreed to recommend a sentence of ten years in the custody of the Idaho Board of Correction, with three years fixed and seven years indeterminate. The district court was not bound by that recommendation. It could impose that sentence, a lesser sentence, or a greater sentence. There is no requirement that the State limit the information provided to the sentencing court to the amount estimated as necessary to convince the court to impose the recommended sentence. There should be no limitation placed on the information presented to the court regarding the background, character, and conduct of the defendant being sentenced. In *State v. Johnson*, 101 Idaho 581, 583, 618 P.2d 759, 761 (1980), we quoted with approval from *Williams v. New York*, 337 U.S. 241, 247 (1949), as follows: "[M]odern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial." Information that a sentencing court can rely upon includes a defendant's past criminal behavior that resulted in a conviction, *Witte v. United States*, 515 U.S. 389, 397 (1995); the defendant's prior uncharged criminal conduct, *id*.; and the defendant's prior conduct for which he was tried and acquitted, *United States v. Watts*, 519 U.S. 148, 156 (1997). When imposing a sentence, the

7

court is to consider "the nature and circumstances of the crime and the history, character and condition of the defendant," Idaho Code § 19-2521(1), and it is to consider whether imprisonment is warranted for protection of the public. Absent a provision in the plea agreement expressly limiting the information that the State can present, it can present any relevant information that could assist the court. Defendant's conduct relating to the dismissed charges could properly be considered by the district court, and there was nothing in the plea agreement purporting to prevent the State from submitting that information or referring to it.

Defendant also contends that the State breached the plea agreement during the hearing on Defendant's motion for reduction of sentence made pursuant to Idaho Criminal Rule 35. The district court imposed a sentence that was greater than the prosecutor's recommendation pursuant to the plea agreement. At the hearing on Defendant's motion for reduction of the sentence, the prosecutor argued against the reduction, stating, "I don't think granting the Rule 35 is appropriate and we would ask you to keep his sentence the same."

Relying upon *State v. Lampien*, 148 Idaho 367, 223 P.3d 750 (2009), Defendant argues that the prosecutor's conduct constituted a breach of the plea agreement. In *Lampien*, the prosecutor agreed to be bound by a plea agreement under which the defendant would receive a withheld judgment, no jail time, and probation. The trial court instead sentenced the defendant to five years in prison with a minimum period of confinement of three years. She filed a motion under Idaho Criminal Rule 35 for reduction of her sentence, and the prosecutor opposed the motion. We held that under the "somewhat unusual language of the plea agreement," the prosecutor breached the agreement by doing so. *Id.* at 378, 223 P.3d at 761. The agreement recited that "[t]he State and Defendant agree to be bound to following [sic] sentence agreement." *Id.* at 377, 223 P.3d at 760. We stated, "The significance of this language is that the State was not simply bound to the agreed-upon recommendation at Lampien's sentencing, but the broad language represents an unqualified commitment by the State to adhere to the sentencing recommendation at every stage of the proceedings." *Id.* at 378, 223 P.3d at 761.

The circumstances in this case differ from *Lampien*. The prosecutor did not agree to be bound by a particular agreed-upon recommendation. Rather, he simply agreed to make a particular sentencing recommendation. There was nothing in the language of the plea agreement indicating that the parties intended the agreement to remain in effect after the initial sentencing. Therefore, the prosecutor did not breach the agreement by his comments at the post-sentencing

hearing on Defendant's motion for reduction of sentence.  *State v. Longest*, 149 Idaho 782, 241 P.3d 955 (2010).

Defendant has failed to show manifest injustice.  Therefore, the district court did not err in denying Defendant's motion to withdraw his guilty plea.

## B.  Did the District Court Abuse Its Discretion in Imposing Sentence?

Defendant contends that the district court abused its discretion in imposing sentence. "We review the length of a sentence under an abuse of discretion standard." *State v. Al-Kotrani*, 141 Idaho 66, 70, 106 P.3d 392, 396 (2005).  "When a sentence is challenged as being excessively harsh, we independently review the record on appeal, having due regard for the nature of the offense, the character of the offender, and the protection of the public interest." *State v. Jeppesen*, 138 Idaho 71, 76, 57 P.3d 782, 787 (2002).  "[W]hen doing so we consider the defendant's entire sentence."  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). However, "[w]e presume that the fixed portion of the sentence will be the defendant's probable term of confinement.  That is because whether or not a defendant serves longer than the fixed portion of the sentence is a matter left to the sole discretion of the parole board . . . ."  *Id.* (citation omitted).  "When determining whether the sentence is excessive, we must consider: (1) the protection of society; (2) deterrence of the defendant and others; (3) the possibility of the defendant's rehabilitation; and (4) punishment or retribution for the defendant." *State v. Strand*, 137 Idaho 457, 460-61, 50 P.3d 472, 475-76 (2002).  "In order to show that the sentence imposed was unreasonable, the defendant must show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts."  *State v. Cannady*, 137 Idaho 67, 73, 44 P.3d 1122, 1128 (2002).

Defendant contends that the sentence constituted an abuse of discretion because he would have started college in the spring of 2008 had he not been incarcerated in Indiana for violating his probation on a felony battery charge; in 1996 while in Indiana he had been diagnosed as bipolar and had received medication and treatment, both inpatient and outpatient; he was taking lithium at the time of sentencing in this case; he did not commit any new crimes during the three months he was out on bail in this case; and he apologized during the sentencing hearing and stated he had learned his lesson.  Defendant argues that a lesser sentence would have

accomplished the goals of sentencing and that the district court did not explain the need for the particular length of sentence imposed.

"'Idaho's sentencing scheme requires no [judicial] findings of fact under I.C. § 19-2521.'" *State v. Stevens*, 146 Idaho 139, 149, 191 P.3d 217, 227 (2008) (quoting *State v. Stover*, 140 Idaho 927, 931, 104 P.3d 969, 973 (2005)). A court is not required to recite the factors set forth in Idaho Code § 19-2521, nor is it required to give reasons for imposing the sentence. *Stevens* at 149, 191 P.3d at 227.

During a seven-day period, Defendant aggressively sexually molested two under-age girls and aggressively attempted to sexually molest a third. He had a mental-health evaluation in preparation for sentencing, and the evaluator stated that "it is unlikely that [Defendant] is suffering from a severe and reliably diagnosable mental illness." The evaluator concluded: "[Defendant's] unresolved issues primarily appear to be his resentment towards authority and poor boundary issues with females. He reports prior behavioral patterns of destroying females' property after challenging issues emerged during the relationship." His criminal record included convictions for criminal mischief and residential entry in 2001 in Indiana; criminal mischief, resisting law enforcement, and two batteries, one of a law enforcement officer, in 2003 in Indiana; battery in 2007 in Bannock County, Idaho, with an unlawful entry charge dismissed; using the telephone to harass in Bannock County in 2007; malicious injury to property in Bannock County in 2007; stalking in Bannock County in 2007; and violation of a no-contact order in Bannock County in 2008, with a battery charge dismissed. The probation violation in Indiana was absconding from supervision by leaving the state. Prior to imposing sentence, the district court stated that it was considering the deterrence of Defendant and others, the need to protect society, rehabilitation, and the effect of Defendant's conduct on the victim. Defendant has not shown that the district court abused its discretion in imposing sentence.

## IV. CONCLUSION

The judgment and order of the district court are affirmed.

Justices BURDICK, J. JONES, W. JONES, and HORTON CONCUR.

10