HORTON, J.,
dissenting.
Although I am unable to join in the result reached by the Court, I first note that I simply can’t figure out what the district court thought it was doing when Umphenour appeared before it on May 22, 2013,- and stipulated to having committed the elements of the crime of possession of a controlled substance. Notwithstanding my inability to resolve the threshold question which dictates our standard of review, the trial court’s evident disregard for rules designed to protect a defendant’s rights, guaranteed by both the state and federal constitutions, is sufficiently egregious as to warrant vacating this conviction.
The record provides significant support for the Court’s conclusion that the proceedings of May 22, 2013, were in the nature of a guilty plea rather than a court trial. Certainly, much of the colloquy on that date reads like a traditional guilty plea, albeit without any apparent effort by the district court to comply with many of the requirements of Idaho Criminal Rule 11. Following Umphenour’s pro se notice of appeal, the State Appellate Public Defender’s Office filed an amended notice of appeal, in which it specifically requested the preparation of a transcript of the “Change of Plea Hearing held on May 22, 2013.” Likewise, the index to the subsequently-prepared transcript describes the proceeding as a “change of plea.” Of course, as the Court observes, the fact that Umphenour moved to withdraw his plea pursuant to Idaho Criminal Rule 33(c) suggests that he believed he had entered a plea of guilty, as that Rule relates only to withdrawal of a guilty plea. Most significantly to me, the district court’s treatment of Um-phenour’s Idaho Criminal Rule 33(c) motion to withdraw his plea suggests that the district court may have viewed the May 22, 2013, proceedings as a guilty plea, If the district court had'viewed the earlier proceed- *515 mgs as a court trial, it surely would have denied the motion on the obvious ground that there was no guilty plea. Instead, on reconsideration, the district court decided the motion on the merits, finding that Umphenour had failed to demonstrate the manifest injustice required to set aside a guilty plea following sentencing.
There is certainly support in the record for Justice Burdick’s conclusion that the district court found Umphenour guilty based upon stipulated facts presented by the parties. After all, at the outset of the hearing, the district court stated:
Counsel indicated before we came in that you had discussed this case further, and that there was a proposal that the parties stipulate to certain facts, and that the Court make findings based upon those facts. Is that generally what counsel wanted to do?
After receiving the stipulated facts from the parties, the following exchange took place:
THE COURT: And so it’s my understanding that both counsel want me to make a finding with respect to guilt or innocence based upon the stipulation that’s been entered into by both parties?
[DEFENSE COUNSEL]: That’s correct, Your Honor.
[PROSECUTOR]; Yes, Your Honor.
THE COURT: Based on that stipulation the Court does find that on or about the 6th day of June, 2012; in the State of Idaho; Gerald K. Umphenour possessed some amount or any amount of methamphetamine; and that Mr. Umphenour either knew it was methamphetamine or believed , it was a controlled substance. Based upon those stipulated facts and findings, the Court does find that Mr. Um-phenour is guilty of the offense in count one, that is, possession of a controlled substance.
Consistent with these statements, the introduction to the Judgment of Conviction entered by the district court described the course of proceedings as follows:
The defendant waived a jury trial, stipulated to a court trial, and stipulated that on or about the 6th day of June, 2012, in the State of Idaho he possessed some- mount [sic] o [sic] methamphetamine, and that he knew it was methamphetamine or was a controlled substance. Based upon those stipulated facts the court found beyond a reasonable doubt that the defendant was guilty of Possession of. a Controlled Substance (Methamphetamine), a felony, in violation of Idaho Code [section] 37-2732(c)(1).
Umphenour’s counsel on appeal was evidently unable to determine how to characterize this highly unusual proceeding, as his opening brief asserted that Umphenour was deprived of his right to a jury trial “when the district court held a court trial in the absence of any waiver of that right by Mr. Umphen-our” or alternatively, that if the proceedings were actually a guilty plea, “that the district court abused its discretion when it denied an Idaho Criminal Rule 33(c) motion to withdraw plea on its mistaken belief that it lacked the jurisdiction to grant the motion.” Counsel for the State was not so equivocal, arguing that Umphenour is estopped from challenging “the unorthodox trial procedure he requested below” and that there was no fundamental error in the procedure. Likewise, in response to the alternative theory advanced by Umphenour’s attorney, the State’s first line of defense was that there was no abuse of discretion when the district court denied Umphenour’s Rule 33(c), I.C.R., motion to withdraw his guilty plea “because there was no guilty plea to withdraw.”
In ordinary circumstances, I would feel that the character of the proceedings would dictate the standard of review which, in turn, would dictate whether we' affirm or vacate the judgment. This is because I agree with the Court’s holding that this Court is permitted to draw reasonable inferences as to whether a defendant has waived the right to a jury trial when reviewing a guilty plea. Likewise, I agree with Justice Burdick’s view that a defendant must personally waive the right to a jury trial before a court trial may be held.
My difficulty is this: If the proceedings of May 22, 2013, are viewed as a guilty plea, setting aside the question whether the record reveals that Umphenour knew he was sur *516 rendering his right to a jury trial, the barrenness of the record does not allow me to conclude that Umphenour’s guilty plea satisfied other constitutional requirements. This constitutes manifest injustice permitting withdrawal of the plea. State v. Heredia, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007) (citing State v. Huffman, 137 Idaho 886, 887, 55 P.3d 879, 880 (Ct.App.2002)).
The seminal case in Idaho regarding this subject is State v. Colyer, 98 Idaho 32, 557 P.2d 626 (1976), cited by the Court. There, this Court considered the impact of the decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), cited by the Court:
Whether a plea is voluntary and understood entails inquiry into three areas: (1) whether the defendant’s plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself; and (3) whether the defendant understood the consequences of pleading guilty. It is clear that the voluntariness of a guilty plea can be determined by considering all of the relevant surrounding circumstances contained in the record. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Schneckloth v. Bustamonte, 412 U.S. 218, 238 n. 25, 93 S.Ct. 2041 [2053-54 n. 25], 36 L.Ed.2d 854 [869 n. 25] (1973). The troublesome question is the type of record necessary to show the defendant waived the three above-enumerated rights and understood the consequences of pleading guilty.
As we have already pointed out, Boykin was decided in the context of a totally silent record. The Supreme Court did not expressly rule upon anything but the sufficiency of a barren record. Some courts, led by the California Supreme Court in In re Tahl, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449(196), have concluded that Boykin requires a specific on-the-record waiver of each of the three constitutional rights. We are unable to accede to that interpretation.
We believe that Boykin only requires that the record affirmatively show that the plea was understood and voluntary. Although the record must show that the defendant waived his constitutional rights and understood the consequences of pleading guilty, we think it is sufficient if such waiver or understanding can be fairly inferred from the record as a whole. We base our decision upon an examination of Boykin and cases decided shortly before and after it.
Colyer, 98 Idaho at 34, 557 P.2d at 628. Given Umphenour’s focus on the validity of the waiver of his right to a juiy trial, I understand the basis for the Court’s view that the record is sufficient to conclude that Umphenour knew he was surrendering his right to a jury trial on May 22, 2013. Since Colyer was decided, this Court has consistently adhered to the view that the validity of a guilty plea can be determined by considering all the relevant surrounding circumstances shown by the record. See State v. Carrasco, 117 Idaho 295, 298, 787 P.2d 281, 284 (1990); State v. Hawkins, 117 Idaho 285, 288, 787 P.2d 271, 274 (1990); State v. Coutts, 101 Idaho 110, 111, 609 P.2d 642, 643 (1980).
However, considering all of the Colyer factors relating to the voluntariness of a guilty plea, the record shows that on May 22, 2013, the district court made absolutely no effort to: (1) ascertain whether Umphenour’s stipulation to the elements of the felony offense was the product of any form of coercion; (2) determine if Umphenour understood that he was surrendering his right to a jury trial; (3) determine if Umphenour understood that he was waiving his right to confront his accusers; (4) determine whether Umphenour understood that he was not required to incriminate himself, much less seek a waiver of that right; and (5) inquire whether Umphenour understood the consequences of being found guilty of possessing methamphetamine.
Idaho Criminal Rule 11 sets forth the procedures governing guilty pleas. Although this Court has stated that the “rule ‘has not been held to be constitutionally mandated in order to fulfill the requirement of a volun *517 tary, knowing, and intelligent plea,’ ” State v. Flowers, 150 Idaho 568, 573, 249 P.3d 367, 372 (2011) (quoting State v. Heredia, 144 Idaho 95, 98, 156 P.3d 1193, 1196 (2007)), even a cursory review of the rule reveals that its purpose is to ensure that guilty pleas satisfy constitutional requirements. The rule provides, in pertinent part:
(c) Acceptance of plea of guilty. Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:
(1) The voluntariness of the plea.
(2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply-
(3) The defendant was advised that by pleading guilty the defendant would waive the right against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses against the defendant.
(4) The defendant was informed of the nature of the charge against the defendant.
(5) Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.
(d) Other advisories upon acceptance of plea. The district judge shall, prior to entry of a guilty plea or the making of factual admissions during a plea colloquy, instruct on the following:
(1) The court shall inform all defendants that if the defendant is not a citizen of the United States, the entry of a plea or making of factual admissions could have consequences of deportation or removal, inability to obtain legal status in the United States, or denial of an application for United States citizenship.
(2) If the defendant is pleading guilty to any offense requiring registration on the sex offender registry, the court shall inform the defendant of such registration requirements.[4]
Of course, in addition to the shortcomings that I have already mentioned, there is no indication that the district court complied with the requirements of subsection (d)(1), nor did the district court advise Umphenour of the mandatory minimum 100 hours of community service he would be required to perform if placed on probation, I.C. § 37-2738(5), as required by subsection (c)(2).
The only indication in the record that the district court ever advised Umphenour of the consequence of a guilty plea are the minutes from his arraignment on September 11, 2012, more than eight months prior to the proceeding on May 22, 2013. The minutes reflect that at 1:13 p.m. the district court advised Umphenour of “the rights he will give up upon a guilty plea” and one minute later Umphenour “advises he understands the rights he will give up upon a plea of guilty.” Given the district court’s evident disregard for the requirements of Rule 11, I.C.R., I have absolutely no confidence that the district court addressed all of the constitutional rights that Umphenour would “give up upon a guilty plea.” Thus, even if the proceeding is properly characterized as a guilty plea, the district court’s failure to perform its basic duties when taking a guilty plea lead me to the conclusion the Colyer Court reached: Due to the silence of the record, the “guilty plea must be therefore set aside, and he must be allowed to plead anew.” Colyer, 98 Idaho at 36, 557 P.2d at 630.
I realize that my decision in this case has taken into account matters not raised by the parties. However, due to the abject failure of the district court to attempt to perform its duties when taking a guilty plea or obtain a *518 waiver of Umphenour’s right to a jury trial before conducting a court trial, it ultimately matters not to me whether the proceedings of May 22, 2013, are characterized as a court trial or guilty plea. Therefore, I respectfully dissent.

. This Court’s adoption of subsection (d)(1) evidently anticipated the decision in Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), which requires defense counsel to advise defendants of the immigration consequences of a guilty plea. This Court has held that the trial court's failure to comply with the requirements of subsection (d)(2) does not rise to the level of manifest injustice requiring a district court to permit withdrawal of a guilty plea following sentencing. State v. Flowers, 150 Idaho 568, 573, 249 P.3d 367, 372 (2011).