**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43598**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 703 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 27, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DERRICK J. ASCHLIMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>; judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of two years, for sexual abuse of a child under the age of sixteen years, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Derrick J. Aschliman appeals from his judgment of conviction following his plea of guilty to sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506(1)(c). Specifically, Aschliman argues that the district court abused its discretion by denying his motion to withdraw his guilty plea and by imposing an excessive sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Aschliman's wife (G.A.) reported to the Bonneville County Sheriff's office that she had found a video of her fourteen-year-old daughter showering which had been downloaded to the family's computer from Aschliman's tablet. G.A. stated that the video showed Aschliman setting up the tablet in the bathroom, telling his stepdaughter to take a shower, the girl showering

1

and dressing, then Aschliman removing the tablet. G.A. further stated that Aschliman had since deleted the video. The sheriff's office obtained the computer but was not able to recover the video. G.A. also alleged that her daughter disclosed that Aschliman had made contact of a sexual nature with her daughter in their kitchen after she refused to do her chores. G.A. stated that she confronted Aschliman and he had admitted to the incidents. The sheriff's office also obtained a recorded conversation between G.A. and Aschliman where he admitted to the incidents. Aschliman was charged with sexual abuse of a child under the age of sixteen years by making photographic or electronic recording of a minor under sixteen years of age and causing or having sexual contact with a minor under sixteen years of age. I.C. §§ 18-1506(1)(c), 18-1506(1)(b).

The parties entered into an *Alford*[1] plea agreement in which Aschliman agreed to plead guilty to sexual abuse of a child by making photographic or electronic recording of a minor under sixteen years of age and to obtain a psychosexual evaluation for sentencing purposes. The plea agreement included a term under which the court would impose a period of retained jurisdiction. If the court declined to do so, Aschliman could withdraw his plea. The State agreed to dismiss the other charge, to recommend Aschliman's release to pretrial services upon entry of the plea, and to recommend probation on the condition that the psychosexual evaluation did not reveal additional victims or any other crimes against the victim in this case. However, if the psychosexual evaluation did show additional victims or crimes, the State agreed the court was bound to sentence the defendant to no greater than a retained jurisdiction. The district court accepted the *Alford* plea and Aschliman was released from custody.

The presentence investigation report (PSI) noted that Aschliman received a psychosexual evaluation which determined he was a low risk to sexually recidivate, but was not a good candidate for sex offender treatment given his failure to admit to his crime. Also noted was Aschliman's participation in a full disclosure polygraph examination in which the examiner concluded that Aschliman indicated significant response and deception on all three test sequences. The investigator confronted Aschliman with the results but he refused to provide any further information. The investigator's recommendation noted that Aschliman "requires incarceration until, or if, his risk to the community (via a non-deceptive polygraph examination)

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

can be determined." The district court granted Aschliman three continuances to complete a second polygraph examination but he failed to do so.

Aschliman filed a motion to withdraw his guilty plea after reviewing the PSI, which the district court denied. Subsequently, Aschliman was sentenced to a unified sentence of fifteen years with two years determinate and the court retained jurisdiction. Aschliman filed an Idaho Criminal Rule 35 motion to reduce his sentence, which was also denied.[2] Aschliman timely appeals.

## II.

## ANALYSIS

### A. Withdrawal of Plea

Aschliman asserts he provided the district court with a just reason to withdraw his plea. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether: (1) the lower court correctly perceived the issue as one of discretion; (2) the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008); *State v. Rodriguez*, 118 Idaho 957, 959, 801 P.2d 1308, 1310 (Ct. App. 1990). If the plea is constitutionally valid, the court must then determine whether the defendant has shown another just reason for withdrawing the plea. I.C.R. 33(c); *State v. Flowers*, 150 Idaho 568, 571, 249 P.3d 367, 370 (2011). This just reason standard does not require that the defendant establish manifest injustice or a constitutional defect in the guilty plea. *Flowers*, 150 Idaho at 571, 249 P.3d at 370; *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987). If he does so, the State may avoid the granting of the motion by

---

[2] Aschliman does not challenge on appeal the district court's denial of his Rule 35 motion.

showing prejudice would result if the plea were withdrawn. *Flowers*, 150 Idaho at 571, 249 P.3d at 370. The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). The good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea are matters for the trial court to decide. *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782. Even when the motion is presented before sentencing, if it occurs after the defendant has learned the content of the PSI or has received other information about the probable sentence, the district court may temper its liberality by weighing the defendant's apparent motive. *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004). Aschliman does not contest the constitutional validity of his plea and therefore, we review only the just reason determination.

Aschliman argues that he should have been allowed to withdraw his guilty plea in order to exercise his right to a jury trial, to challenge the sufficiency of the evidence, and present new legal arguments. These arguments were also those presented to the district court in Aschliman's initial motion to withdraw his plea. Aschliman states that he had concerns about the "quality, quantity and accuracy of the evidence" against him, specifically that the State did not have in its possession the alleged video. Further, Aschliman asserts that after he was released from custody, he was able to study the allegations made against him and he realized he made an error in acknowledging the likelihood of conviction. Finally, Aschliman avers that he also had the opportunity to conduct legal research since being released from custody which led him to believe that there were "additional laws or legal doctrines which may apply to his case and which have been ignored or not properly applied." Aschliman contends that the above reasons amounted to a just reason to withdraw his plea.

Aschliman has failed to show that the district court abused its discretion in determining that the above arguments do not constitute just reason for withdrawal of his plea. The district court did not regard Aschliman's assertions as timely alleged, noting that the appropriate time to raise his concerns relating to the allegations against him, the supporting evidence, and applicable legal doctrines was during the plea hearing. At that time, Aschliman's own trial counsel provided a factual basis for his plea and Aschliman acknowledged there was sufficient evidence to sustain a guilty verdict. Also, Aschliman failed to divulge which laws and doctrines may have provided just cause to withdraw his guilty plea. Aschliman's assertion that he changed his mind

4

after further studying the charges against him does not suggest that at the time he entered his plea he was unaware of the allegations and supporting evidence, or that his counsel did not make sure he was aware. Aschliman's suggestion is not that he did not have enough time to consider the consequences of the *Alford* plea when he agreed to it, but rather that he subsequently had even more time to think about it and then came to a different conclusion. This argument is insufficient to show just cause.

Finally, Aschliman's motion to withdraw his guilty plea was made after the preparation of his PSI, which recommended incarceration until his risk to the community could be determined with a second polygraph examination. The district court noted that Aschliman had the opportunity to consider this information for four months before filing his motion to withdraw his plea. The district court was entitled to take Aschliman's awareness of the PSI and sentence recommendation into account when ascertaining his motive for withdrawing his plea.

Aschliman has failed to show that the district court erred in denying his motion to withdraw his guilty plea. Therefore, we hold that the district court properly acted within its discretion in determining that Aschliman had not shown a just reason for allowing withdrawal of his plea. Accordingly, Aschliman's judgment of conviction for sexual abuse of a child under the age of sixteen years is affirmed.

## B.     Excessive Sentence

Aschliman argues the district court abused its discretion by imposing a unified fifteen-year sentence with two years determinate with retained jurisdiction. He contends that the sentence is excessive given any reasonable view of the facts because the district court did not give adequate consideration to relevant mitigating factors. These factors include his parents' drug use; the fact that he was born with a condition where one of his shoulders did not descend correctly; his history of being physically, emotionally, and sexually abused; his history of being bullied at school; and his diagnosis of marijuana dependence.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it

5

appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards and having reviewed the record in this case, we cannot say that the district court abused its discretion. The district court emphasized its concern with Aschliman's criminal history, including being arrested while awaiting sentencing, as well as Aschliman's failure to obtain a second polygraph. It also noted that retaining jurisdiction gives Aschliman an additional opportunity to be compliant, and for the district court to further evaluate the risk before Aschliman returns to the community. The court's sentence clearly demonstrates its focus on the primary objective of protecting society and is not an abuse of discretion. Accordingly, his sentence is affirmed.

## III.

## CONCLUSION

The district court did not abuse its discretion in denying Aschliman's motion to withdraw his guilty plea. Additionally, the district court did not abuse its discretion in sentencing Aschliman. Accordingly, the order denying Aschliman's motion to withdraw guilty plea and Aschliman's judgment of conviction and sentence are affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

6