# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48410

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: September 28, 2021 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| MICHAEL H. CATES, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Gregory Fitzmaurice, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Michael H. Cates appeals from the district court's order denying Cates's motion to withdraw his guilty plea. Cates argues the district court abused its discretion by denying his motion to withdraw his guilty plea. Because Cates has failed to show withdrawal of his guilty plea is necessary to correct manifest injustice, we affirm the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Cates was charged with two counts of statutory rape. Pursuant to an Idaho Criminal Rule 11 plea agreement, Cates entered an *Alford*[1] plea to a reduced charge of felony injury to a child and the State dismissed the additional count of statutory rape. As part of the Rule 11 agreement, the State agreed to recommend a period of retained jurisdiction, and Cates was free to

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

argue for less than a period of retained jurisdiction. The plea agreement also indicated that the maximum penalty for injury to a child is ten years. During the plea colloquy, the district court advised Cates that each side could argue for the sentence articulated in the plea agreement, but the court was not bound by the plea agreement and could impose up to the maximum sentence. The court explained it could impose any sentence from a withheld judgment to the maximum prison sentence and fine. The court further clarified with Cates that he understood the retained jurisdiction program. Cates agreed to undergo a psychosexual evaluation and cooperate with the presentence investigation report process.

The district court advised Cates of the nature of an *Alford* plea, the rights Cates would be waiving by entering a guilty plea, the charged offense, and the maximum penalties. Cates indicated that he had reviewed the amended charges and plea agreement with his counsel and that he understood the nature of the charges, the rights he was waiving, and the maximum penalties. Cates entered an *Alford* plea, and the district court accepted the plea, finding it was knowingly, voluntarily, and intelligently made. The district court imposed a unified term of incarceration of seven years with forty months determinate.

Cates subsequently filed a motion to withdraw his guilty plea. In the motion, Cates claimed he did not understand the entirety of what was happening during the change of plea hearing and that he should have had more time to consider other potential resolutions to his case. Attached to the motion was an email purportedly from a friend of Cates who claimed Cates had been falsely accused and was innocent. Cates argued the email constituted new evidence corroborating Cates's innocence, and that in order to prevent manifest injustice in light of the information alleged in the email, the district court should grant his motion to withdraw his guilty plea.

The district court held a hearing on Cates's motion and later issued an order denying the motion. The district court found that Cates had not carried his burden to show that his plea was not made voluntarily, knowingly, and intelligently and that Cates was fully informed of the consequences of his plea. The district court did not consider the email as evidence showing that Cates's sentence was a manifest injustice. Cates timely appeals.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). When a trial

court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Mindful of the relevant precedent on the issue, Cates contends the district court abused its discretion by denying Cates's motion to withdraw his guilty plea because withdrawal of his plea is necessary to correct manifest injustice. The State asserts Cates did not demonstrate it would be manifest injustice to let his plea stand; therefore, the district court correctly denied Cates's motion to withdraw his plea.

A defendant may file a motion pursuant to I.C.R. 33(c) to withdraw a guilty plea but if the motion is made after sentencing, the motion will be granted only to correct manifest injustice. *State v. Flowers*, 150 Idaho 568, 571, 249 P.3d 367, 370 (2011); *State v. Heredia*, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007). If a plea was not taken in compliance with constitutional due process standards, which require that a guilty plea be made voluntarily, knowingly, and intelligently, then manifest injustice will be established as a matter of law. *State v. Thomas*, 154 Idaho 305, 307, 297 P.3d 268, 270 (Ct. App. 2013). Whether a plea is voluntary and understood entails inquiry into three areas: (1) whether the plea was voluntary in the sense that the defendant understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived the right to a jury trial, to confront accusers, and to refrain from self-incrimination; and (3) whether the defendant understood the consequences of pleading guilty. *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976). The burden rests on the defendant to demonstrate a justification for withdrawal of the guilty plea. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009). When a motion to withdraw a guilty plea is predicated on alleged facts that do not appear in the record and are not conceded by the State, an evidentiary showing is required and the Idaho Rules of Evidence apply. *Id.*

Here, Cates filed a motion to withdraw his plea after sentencing, and as such, Cates must show manifest injustice. Notwithstanding his acknowledgment that the email attached to his motion was not admissible evidence, Cates asserts that, based on the information alleged in the

3

email, it would be manifest injustice to not allow Cates to withdraw his guilty plea. Because Cates did not submit any admissible evidence to support any allegations made regarding his motion to withdraw his guilty plea, the district court did not abuse its discretion by declining to consider the email as evidence and denying the motion.

Cates also argues manifest injustice occurred because his plea was not knowing, voluntary, and intelligent. Cates acknowledges that he did not establish that he was unaware of the maximum sentence the district court could impose, but nevertheless asserts that he did not have a "firm grasp" of what was transpiring at the change of plea hearing. The transcript of Cates's entry of guilty plea establishes that the district court repeatedly advised Cates that regardless of the State's recommendation, the court could impose a sentence up to the maximum. The district court also advised Cates that by pleading guilty, he would waive the right to a jury trial, to confront witnesses, and to refrain from self-incrimination. Cates has failed to establish that his plea was not voluntarily, knowingly, and intelligently made and, therefore, has not shown manifest injustice. Thus, the district court did not err by denying the motion.

## IV.

## CONCLUSION

The district court did not abuse its discretion by denying Cates's motion to withdraw his guilty plea. Accordingly, the district court's order denying Cates's motion to withdraw his guilty plea is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.