**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40222**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 25 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 28, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WAYNE D. ANDERSON, aka WAYNE D. ANDERSON, II, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction and unified sentence of forty years, with fifteen years determinate, for lewd conduct with a minor under sixteen, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Wayne D. Anderson appeals from his judgment of conviction and sentence for lewd conduct with a minor under sixteen with a mandatory minimum sentencing enhancement for being a repeat offender. Specifically, he contends the district court abused its discretion by denying his motion to withdraw his guilty plea and in imposing sentence. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

The Nampa Police Department received information that Anderson was sexually abusing his thirteen-year-old daughter, D.A. Police contacted Anderson's wife who reported that two of her minor daughters, C.A. and D.A., told her Anderson had sexually abused them. She stated

1

that when she confronted Anderson about the allegations, he admitted to sexually touching the girls and threatened to commit suicide.

After interviewing the daughters, the officers went to interview Anderson who they found in the process of attempting to take his own life. Anderson admitted to having "groomed" and engaged in sexual contact with D.A. Shortly after the interview, Anderson was hospitalized in a mental facility for several days. For his actions with D.A., Anderson was charged with one count of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506. He was also charged with two mandatory minimum sentencing enhancements pursuant to Idaho Code § 19-2520G(2) on the basis that he was previously convicted of lewd conduct with a minor under sixteen in 1998 for sexually abusing his oldest daughter, E.A. Anderson was also charged with one count of sexual abuse of a minor under sixteen and a mandatory minimum sentencing enhancement in regard to his alleged abuse of C.A. The cases were consolidated.

Anderson entered an *Alford*[1] guilty plea to the lewd conduct charge and one mandatory sentencing enhancement in regard to his abuse of D.A. In exchange, the State agreed to dismiss the sexual abuse charge and related sentencing enhancement and to dismiss the charges pertaining to C.A. The State agreed to recommend imposing a determinate term of fifteen years, as required pursuant to the sentencing enhancement. Prior to sentencing, Anderson filed an Idaho Criminal Rule 33(c) motion to withdraw his guilty plea, contending, among other arguments, that his plea was not voluntary because the day before entering the plea he was pressured by his wife to plead guilty. After holding two hearings and listening to a recording of the conversation between Anderson and his wife, the district court denied the motion in a written memorandum, noting family pressure is not a valid basis to find impermissible coercion of a guilty plea.

Anderson filed a motion to reconsider, asserting he was "severely depressed" after speaking to his wife and at the time he entered his guilty plea. At a hearing on the motion, the district court indicated its analysis in the memorandum decision denying the motion to withdraw the guilty plea continued to be applicable and denied the motion to reconsider.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

At the sentencing hearing, the State recommended the district court impose a unified sentence of life imprisonment, with the mandatory minimum of fifteen years determinate. Anderson requested that the court impose only five years indeterminate in addition to the mandatory minimum. The district court imposed a unified sentence of forty years, with fifteen years determinate. Anderson now appeals the denial of his motion to withdraw his guilty plea and his sentence.

## II.

## ANALYSIS

Anderson contends the district court erred by denying his motion to withdraw his guilty plea because he showed his plea was involuntary. He also contends the district court abused its discretion by imposing an excessive sentence.

### A. Withdrawal of Guilty Plea

Anderson asserts his plea was constitutionally involuntary due to the combination of his wife's coercion and his asserted depression, or in the alternative, that these factors constituted a just reason for withdrawal of his plea. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008); *State v. Rodriguez*, 118 Idaho 957, 959, 801 P.2d 1308, 1310 (Ct. App. 1990). If the plea is constitutionally valid, the court must then determine whether the defendant has shown another just reason for withdrawing the plea. Idaho Criminal Rule 33(c); *State v. Flowers*, 150 Idaho 568, 571, 249 P.3d 367, 370 (2011). This just reason

3

standard does not require that the defendant establish manifest injustice or a constitutional defect in the guilty plea. *Flowers*, 150 Idaho at 571, 249 P.3d at 370; *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987). If he does so, the State may avoid the granting of the motion by showing prejudice would result if the plea were withdrawn. *Flowers*, 150 Idaho at 571, 249 P.3d at 370. The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). The good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea are matters for the trial court to decide. *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782.

Anderson argues he should have been allowed to withdraw his guilty plea given the combination of the pressure exerted by his wife and his "severe depression" at the time, which rendered his plea involuntary or amounted to just reason to withdraw the plea. In regard to the former reason, which he asserted in his initial motion to withdraw his plea, Anderson stated in an affidavit that the day prior to entering his plea, he spoke with his wife and explained to her that he was "fighting for my life." In response, Anderson stated his wife told him to "'stop trying to save my life' and that I was harming our children." Anderson further indicated that his wife "made it absolutely clear that she wanted me to plead guilty." "As a result of hearing my wife tell me that she did not want me to live anymore," Anderson stated in the affidavit, "I was completely devastated mentally and emotionally" and "decided that I was going to plead guilty so I could fulfill my wife's wishes and die in prison." Anderson averred that at the change of plea hearing, he was "distraught" over what his wife had said and therefore answered the judge's questions in a manner to expedite the judge accepting the plea rather than being truthful. It was a week later, Anderson asserted, that he "began to truly reflect upon and understand" what he had done and realized he "had acted in haste, and while under the influence of the pain and grief caused by what my wife had said to me." The district court denied the motion based on the well-established rule that anxiety and pressure from a defendant's family does not constitute impermissible coercion. *See Hanslovan*, 147 Idaho at 537-38, 211 P.3d at 782-83 (noting that "anxiety and pressure from the defendant's family situation do not constitute impermissible coercion"); *State v. Nath*, 141 Idaho 584, 586, 114 P.3d 142, 144 (Ct. App. 2005) (rejecting the defendant's argument that his guilty plea was involuntary because pleading guilty was the only option that would allow him to be released to care for family members).

4

In his motion to reconsider the district court's denial of his motion to withdraw his plea, Anderson asserted he was "severely depressed" after talking to his wife, including when he entered his guilty plea. He argued the district court did not adequately question him as to his mental and emotional state and the plea was not voluntarily made because he "was under undue mental duress and severe depression." In an oral ruling rejecting the motion, the district court noted that although the issue of depression was not specifically raised in the first motion to withdraw the plea, "the reality is that, in effect, [it] was considered by the court when the defendant was claiming that he was of such diminished capacity that he was unduly influenced by a family member." On this basis, the court surmised that the analysis set forth in its initial memorandum decision denying Anderson's motion to withdraw his guilty plea was applicable to the motion to reconsider.

On appeal, Anderson concedes that family pressure, alone, has been found insufficient to render a guilty plea involuntary, but contends that this pressure in combination with his asserted depression constituted impermissible coercion that amounted to a constitutionally involuntary plea or, at least, amounted to a just reason to withdraw his plea. We address the constitutional issue first.

Determining whether a plea was entered knowingly and intelligently involves a three-part inquiry: (1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself; and (3) whether the defendant understood the consequences of pleading guilty. *Dopp*, 124 Idaho at 484, 861 P.2d at 54; *State v. Carrasco*, 117 Idaho 295, 297, 787 P.2d 281, 283 (1990). On appeal, Idaho law requires that voluntariness of the guilty plea and waiver must be reasonably inferred from the record as a whole. *Dopp*, 124 Idaho at 484, 861 P.2d at 54; *Carrasco*, 117 Idaho at 300, 787 P.2d at 286.

The defendant has the burden of proving the plea should be withdrawn. *Carrasco*, 117 Idaho at 298, 787 P.2d at 284; *State v. Rose*, 122 Idaho 555, 559, 835 P.2d 1366, 1370 (Ct. App. 1992). Failure to present and support a *plausible* reason, even absent prejudice to the prosecution, will weigh against granting withdrawal. *Rose*, 122 Idaho at 559, 835 P.2d at 1370; *Rodriguez*, 118 Idaho at 959, 801 P.2d at 1310. Additionally, as noted above, the good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea

are matters for the trial court to decide. *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782. Here, in response to Anderson's motion to reconsider, the district court found Anderson was not of such "diminished capacity" that his plea was rendered involuntary. This finding is supported by the record. Anderson presented no evidence, aside from his personal assertions, that he was suffering from depression such that he was not competent to render a voluntary plea. Although Anderson alleged he was hospitalized in a mental facility for three days following a suicide attempt just prior to his arrest, he presented no evidence that his mental health was still compromised six months later when he entered his plea, let alone that it was compromised to the degree that it rendered his plea involuntary. Furthermore, despite his hospitalization, at the hearing on Anderson's motion to reconsider, defense counsel admitted that Anderson had not been diagnosed with depression or any other mental disorder or prescribed any medication by the time of the guilty plea hearing. Nor did Anderson inform the district court of any mental or emotional issues during the court's lengthy inquiry at his change of plea hearing. Based on this record, the district court did not abuse its discretion by not accepting Anderson's unsupported assertions that he was suffering from depression that rose to a level rendering his plea involuntary. Given that family pressure alone is insufficient to prove coercion, and that the district court acted within its discretion in determining Anderson's asserted depression did not diminish his capacity to enter a guilty plea, we also determine the district court did not abuse its discretion in rejecting Anderson's contention that the combination of these asserted factors rendered his guilty plea unconstitutionally involuntary.

For similar reasons, Anderson has also not shown that the district court abused its discretion in determining that the above factors did not constitute other just reason for withdrawal of his plea. As explained above, the weight of the defendant's assertions in support of his motion to withdraw his plea are matters for the trial court to decide, *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782, and here, the district court did not regard Anderson's assertion of depression as rising to the level of diminishing his capacity. In addition, the district court indicated it reviewed the recording of Anderson's alleged coercive conversation with his wife and articulated its contents in the memorandum, concluding it did not constitute impermissible coercion. That family pressure does not amount to impermissible coercion is clearly supported

6

by Idaho law and the district court was free to disregard Anderson's assertion in this regard.[2] Even had the district court given credence to Anderson's assertion that he was under significant mental distress from the combination of his asserted depression and his family situation when entering the plea, it would not require a finding of just reason to withdraw the plea. *See Dopp*, 124 Idaho at 483-86, 861 P.2d at 53-56 (affirming the denial of a motion to withdraw a guilty plea even though a defendant was under extreme emotional stress prior to the plea entry); *State v. Hawkins*, 117 Idaho 285, 288, 787 P.2d 271, 274 (1990) (affirming the district court's denial of the defendant's motion to withdraw his guilty plea even where a psychiatrist testified that the defendant's decision making process when pleading guilty was significantly influenced by the defendant's emotional condition and depressed mood). The district court did not err in determining that these factors, even when considered together, did not amount to just cause for withdrawal of the plea.

**B.     Sentence Review**

Anderson also contends the district court abused its discretion by imposing a unified forty-year sentence, with fifteen years determinate, upon his guilty plea to lewd conduct with a sentencing enhancement for being a repeat sexual offender. Specifically, he contends the sentence is excessive given any view of the facts because the district court did not give adequate consideration to the relevant mitigating factors.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it

---

[2]     In arguing that the written and recorded conversations in the record between Anderson and his wife "do not reveal any overbearing influence by Anderson's wife on Anderson's decision-making that would justify the withdrawal of his plea," the State points out there were actually several instances contained in the record where Anderson took steps to persuade his wife to act in his favor. For example, while in pretrial custody, Anderson wrote a letter asking his wife to "fight to conceal the truth from [the State]" and to tell his attorney that his daughters were "determined to withdraw their testimony and that they want to sign a deposition [sic] to the fact claiming what they said against me is not true." As part of the plea agreement, the State agreed not to file a charge of intimidation of a witness against Anderson for sending this letter.

7

appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

On appeal, Anderson contends the district court did not adequately consider two mitigating factors: Anderson's "successful[]" military service from 1987 to 1996 and his mental health issues, namely his asserted depression. As the State points out, because Anderson pled guilty to the sentencing enhancement, the district court was *required* to impose a minimum determinate sentence of fifteen years. Thus, Anderson may only challenge the district court's imposition of the forty-year indeterminate portion.

In deciding to impose a significant indeterminate term of incarceration, the district court mentioned several relevant considerations. First the court noted that after Anderson's first lewd conduct conviction in 1998, he was given the opportunity to be rehabilitated, but yet he reoffended with two of his other daughters. In addition, the court noted it was personally convinced Anderson was guilty of the offense, but Anderson's defense was essentially to "call[] [his] daughters liars," which was detrimental to their recovery from the incidents. The court noted that Anderson primarily thinks of himself and had never apologized to his family or expressed any remorse. Given the fact that Anderson had "essentially sexually abused three of [his] biological daughters," the court determined that imposition of a significant term of indeterminate incarceration to follow the fifteen years determinate was required to ensure supervision of Anderson in the community should he be released.

The State points out that Anderson's sexual victimization of his daughters dates back to at least 1996. In 1998, Anderson confessed to abusing his oldest daughter and indicated the abuse began when she was approximately two and a half years old. After Anderson pled guilty to lewd conduct for this incident, he completed sexual offender treatment and a "strict protection plan" was put into place upon his return to live at the residence with his daughters. Despite this

treatment and the precautions taken in his home, Anderson began sexually abusing his middle daughter within two to three years of satisfying his prior lewd conduct sentence. He began abusing his youngest daughter as well. When charged in this case, Anderson attempted to influence his wife and daughters to cover up his criminal behavior. Given the nature of the crimes, the fact that Anderson reoffended even after receiving sexual offender treatment and then attempted to conceal his actions when caught, Anderson fails to carry his burden to show this sentence is excessive even when his military service and asserted mental health issues are taken into consideration. The district court did not abuse its sentencing discretion by imposing a forty-year indeterminate term of incarceration.

## III.

## CONCLUSION

Anderson has not shown the district court erred by determining that pressure from Anderson's wife and his asserted depression did not render his plea involuntary or constitute a just reason for allowing withdrawal of the plea. Nor has Anderson shown that the district court abused its discretion in imposing sentence. Anderson's judgment of conviction and sentence are affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**