**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43612**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 752** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 27, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DESIREE ROSE GARNER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and sentence for possession of a controlled substance, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Desiree Rose Garner appeals from the judgment of conviction for possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c), entered upon her guilty plea. She asserts the district court abused its discretion in denying her motion to withdraw her guilty plea. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Garner was stopped by a police officer because her license plate was hanging by one bolt. The officer noticed that Garner's passenger appeared to be under the influence. The passenger admitted he had marijuana in his possession, and the officer asked Garner to step out of the car. She began to cry and told the officer she had drugs in her purse, which was identified as methamphetamine. Garner was arrested for possession of methamphetamine and her passenger

1

was arrested for possession of marijuana. Garner was appointed a public defender and she pled guilty to possession of methamphetamine. Thereafter, Garner hired an attorney and moved to withdraw her plea.

In Garner's affidavit in support of her motion to withdraw her plea, she stated she was born prematurely and had a learning disability making it difficult for her to comprehend. She also asserted she told the court she understood the guilty plea form "out of embarrassment and intimidation," she "should have spent more time going over the form, discovery and the events surrounding [the] arrest," and that after speaking with her new attorney she realized she should not have entered the guilty plea. At the first hearing on the motion to withdraw her guilty plea, Garner's attorney said he wanted additional discovery because Garner had told him that her passenger had placed the methamphetamine in her purse. At the second hearing, Garner asserted her plea was not knowing, intelligent, and voluntary, and she had just reason to withdraw the plea. Garner testified she had not told the officer that her passenger put the methamphetamine in her purse because "[e]verything just happened so fast" and she "was scared." Garner stated that on the day she entered her plea, she had discussed with her public defender that she had tested positive for methamphetamine a week prior and that it affected her thinking when she entered her plea. She also stated that although she was not satisfied with the public defender she had previously, she stated on the guilty plea form that she was satisfied because she "felt kind of pressured to say yes."

Garner's first attorney also testified at the second hearing. The attorney indicated that the contact the attorney had with Garner resulted because of the attorney's efforts and that the attorney had difficulty reaching Garner. The attorney testified that during a meeting they had a week before the plea hearing, they discussed the plea offer and the attorney told Garner that the offer was "pretty standard" and that her advice was "there was no reason to take the offer, there's no reason to not take the offer, it's probably what's going to happen if you go to trial and are found guilty." Garner decided at that meeting she wanted to plead guilty so her attorney gave her the guilty plea form so she would have a week to review it before the hearing. The attorney also indicated that she advised Garner to call her the following Monday if she still wanted to plead guilty so Garner could ask any questions she may have had regarding the plea form. The attorney did not hear back from Garner so she called Garner to make an appointment to meet with her before entry of the plea. At that meeting the attorney stated Garner was then undecided

2

whether to plead guilty or go to trial, although she had the form mostly filled out. About an hour before the plea hearing, Garner told the attorney she was going to plead guilty, and at that time the attorney reviewed the plea form with her. Garner's attorney also testified, on cross-examination, that Garner had never indicated her passenger put the methamphetamine in her purse.

In denying the motion to withdraw the guilty plea, the district court found that Garner's plea was knowing, intelligent, and voluntary, and a just reason to withdraw the plea had not been shown. The district court sentenced Garner to a unified term of five years, with one and one-half years determinate, suspended the sentence, and placed Garner on probation. She timely appeals.

## II.

## ANALYSIS

Garner asserts the district court erred in denying her motion to withdraw her guilty plea. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.*

"The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made." *State v. Hanslovan*, 147 Idaho 536, 211 P.3d 775, 781 (Ct. App. 2008); *State v. Rodriguez*, 118 Idaho 957, 959, 801 P.2d 1308, 1310 (Ct. App. 1990). This step involves a three-part inquiry: (1) whether Garner understood the nature of the charges and whether she was coerced; (2) whether Garner "knowingly and intelligently waived [her] rights to a jury trial, to confront [her] accusers, and to refrain from incriminating [her]self"; and (3) whether Garner understood the consequences of her guilty plea. *State v. Anderson*, 156 Idaho 230, 234, 322 P.3d 312, 316 (Ct. App. 2014) (citations omitted). "On appeal, Idaho law requires that voluntariness of the guilty plea and waiver must be reasonably inferred from the record as a whole." *Id.* "If the plea is constitutionally valid, the court must then determine whether there are any other just reasons for withdrawal of the plea." *Hanslovan*, 147 Idaho at 536, 211 P.3d at 781; *Rodriguez*, 118 Idaho at 959, 801 P.2d at 1310.

The plea satisfied constitutional standards, as it was knowingly, intelligently, and voluntarily made. At the hearing on the motion to withdraw, testimony was presented from

3

Garner and the public defender representing her when she entered the guilty plea. At the conclusion of this testimony, the court addressed Garner's new attorney stating:

> I'm trying to understand from sort of a just reason or just cause standpoint what it is she didn't understand, other than just generally, as you keep stating, some of the questions, to get an idea what would be unjust about having her live with the plea that she gave.

He responded:

> I have a problem with that too, your Honor. My problem is that when I asked her about certain questions and she reviewed it today is she didn't pick those questions out and say those were questions that bothered me . . . she said generally she didn't understand all that was presented to her and felt pressured by [her public defender].

When asked how she was pressured, the attorney replied Garner only reviewed the form with her public defender an hour before the hearing. The court responded that by the day of the hearing, it had been a week since Garner's public defender had presented her with the guilty plea form. The court acknowledged that Garner asserted specifically she was not satisfied with her attorney, although she had stated otherwise on her plea form. The court noted, however, there had been no testimony that would objectively lead Garner to be dissatisfied and that Garner had never told her public defender that the passenger had put the methamphetamine in her purse.

While Garner claimed general confusion, she could not identify any specific questions on the plea form that confused her and she could not identify any false responses or lies. Most importantly, as the court emphasized:

> [A]lmost every question on the guilty plea advisory form is repeated in some way, and often in two or three different ways, by the court orally at the time the plea is entered, and was I'm certain in this case. . . .
>
> I'm certain that I did ask the defendant if she was satisfied with her defense counsel, whether her defense counsel had done everything she asked, if she had gotten all the state's discovery and all the evidence the state has in this case, whether she has been advised to her satisfaction about her rights, defenses and the possible consequences from the guilty plea. I went over with the defendant her educational background; I went over with her her mental state, whether or not she was mentally in a place where she could make an informed and reasoned decision about whether or not to plead guilty. And I had assurances from her at that time about all of those things.

Therefore, even if Garner were confused by a particular question on the form, she had a second, and perhaps third, opportunity to clarify any misunderstanding with the court prior to entering her guilty plea.

4

As to the second question, Garner failed to demonstrate a just reason for withdrawal of her guilty plea. Aside from relying on the claims addressed above, Garner's only other asserted basis for withdrawal is her claim that the methamphetamine was planted in her purse. This claim is, however, contrary to her admission before her arrest that there was methamphetamine in her purse; was never raised with her public defender; and is not particularly compelling in light of the law holding that two people can simultaneously possess a controlled substance. The district court exercised sound judicial discretion in its determination that Garner failed to show a just reason for withdrawal of her guilty plea. Thus, the district court's decision to deny Garner's motion to withdraw her guilty plea is affirmed.

## III.

## CONCLUSION

Garner failed to show the district court abused its discretion in denying her motion to withdraw her guilty plea; therefore, the judgment of conviction and sentence is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.