**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43800**

| | | |
|---|---|---|
| **WAYNE D. ANDERSON, II,** | ) | **2017 Unpublished Opinion No. 329** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: January 25, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Order denying motion to proceed pro se, motion to dismiss counsel, and motion to extend time, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Wayne D. Anderson, II, appeals from the district court's order denying Anderson's motions to proceed as a pro se litigant, dismiss court-appointed counsel, and extend time to prepare an amended petition. We affirm.

**I.**

**FACTS AND PROCEDURE**

Anderson was charged with one count of lewd conduct with a minor under sixteen, Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506. He was also charged with two mandatory minimum sentencing enhancements pursuant to I.C. § 19-2520G(2) on the basis that he previously was convicted of lewd conduct

1

with a minor under sixteen. He entered an *Alford*[1] plea to one count of lewd conduct with a minor and a previous sex offense conviction sentencing enhancement.

Prior to sentencing, Anderson moved to withdraw his plea on the basis that his wife coerced him into pleading guilty. The district court denied the motion. Anderson subsequently moved for reconsideration arguing that, at the time he entered the plea, he suffered from undue mental duress and severe depression and therefore his plea was not knowing, intelligent, or voluntary. The district court denied the motion. The district court imposed a unified sentence of forty years, with a minimum term of confinement of fifteen years. On direct appeal, this Court affirmed Anderson's judgment of conviction and sentence. *State v. Anderson*, 156 Idaho 230, 322 P.3d 312 (Ct. App. 2014). Thereafter, Anderson filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel for failing to present certain evidence regarding Anderson's mental health in support of the motion to withdraw guilty plea. The district court granted Anderson's motion for appointment of counsel to represent him in post-conviction proceedings.

The district court entered a notice of intent to dismiss Anderson's petition on the ground that Anderson failed to allege facts which, if true, demonstrated he was entitled to relief on any of the claims alleged. The district court granted two requests to extend the time for Anderson to respond. At the conclusion of the second extension, Anderson filed the following motions, pro se: "Motion to Proceed Pro Se Litigant," "Motion to Extend Time to Prepare Petition," and "Motion to Dismiss Court Appointed [Counsel]." Anderson alleged that his post-conviction counsel had provided ineffective assistance in failing to obtain certain documentation and interviewing potential witnesses. The district court considered Anderson's motions at a status conference. Anderson was not present but was represented by post-conviction counsel. At the hearing, Anderson's post-conviction counsel told the district court that his investigator had followed up with the potential witnesses Anderson identified, but that the evidence was insufficient to support an amended post-conviction petition.

The district court denied Anderson's motions. The court concluded that Anderson had not provided any facts to warrant a third extension of time. The court further concluded that because Anderson had no constitutional right to the effective assistance of post-conviction counsel, Anderson's assertion of ineffective assistance was not a valid basis upon which to grant

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

his motions. The district court then summarily dismissed the post-conviction petition on the grounds previously set forth in its notice of intent to dismiss. Anderson timely appeals.

## III.

## ANALYSIS

Anderson argues that the district court abused its discretion when it denied his motions to proceed as a pro se litigant, dismiss court-appointed counsel, and extend time to prepare an amended petition, all of which were filed prior to the district court summarily dismissing his post-conviction petition. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002).

Anderson argues that the district court did not recognize his right to self-representation and did not act consistently with applicable legal standards. Further, that a corollary to the right to self-representation is the right to dismiss counsel. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). In this case, the district court exercised its discretion to appoint Anderson post-conviction counsel. However, Anderson later moved to dismiss appointed counsel and proceed pro se.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Anderson cites two Idaho cases recognizing that plaintiffs in civil cases have a right to self-representation: *Idaho State Bar Assoc. v. Idaho Pub. Utils. Comm'n*, 102 Idaho 672, 637

3

P.2d 1168 (1981); *Weston v. Gritman Mem'l Hosp.*, 99 Idaho 717, 587 P.2d 1252 (1978). Anderson also points to the common law in support of his claim of right of self-representation, *Iannaccone v. Law*, 142 F.3d 553 (2d Cir. 1998) (discussing the history of the right to self-representation in civil proceedings). Further, Anderson notes that "a client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services." IDAHO RULE OF PROF'L CONDUCT 1.16 cmt. 4 (2014). Anderson acknowledges that Idaho courts have not specifically addressed whether petitioners in post-conviction proceedings have a right to self-representation. However, Anderson argues, a post-conviction petitioner should be able to exercise a right to self-representation similar to that of plaintiffs in civil cases.

Anderson's motions were based on the notion that court-appointed counsel had provided ineffective assistance in failing to obtain certain documentation and interviewing potential witnesses. There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 394, 327 P.3d 365, 370 (2014). Further, "[w]here there is no right to counsel, there can be no deprivation of effective assistance of counsel." *Id.* at 395, 327 P.3d at 371. When denying Anderson's motions, the district court correctly noted that Anderson does not have a right to counsel in a post-conviction action and cannot maintain an ineffective assistance of counsel claim.

Under the circumstances of this case, we need not resolve whether Anderson had a right to self-representation in post-conviction proceedings because the district court did not abuse its discretion in denying the motion for continuance. Anderson argues that the district court abused its discretion when it denied the motion to extend time to prepare an amended petition "with forthcoming [evidence] of additional witnesses, and documentation from both Canyon County Medical and Detention Centers." At the status conference, court-appointed counsel represented to the district court that he had had his investigator check on potential witnesses and that counsel had not discovered any good evidence upon which to base an amended petition. The district court held that Anderson had not provided any facts to warrant an additional extension, noting that the matter had been extended twice already.

"The decision to grant or deny a motion for a continuance is vested in the sound discretion of the trial court." *Hall v. State*, 156 Idaho 125, 131, 320 P.3d 1284, 1290 (Ct. App.

4

2014). In order to prevail on appeal, the petitioner must show that the trial court abused its discretion and that his substantial rights have been prejudiced. *State v. Payne*, 146 Idaho, 548, 567, 199 P.3d 123, 142 (2008). The issue here is whether the district court acted consistently with the applicable legal standards when it denied Anderson's motion as being unsupported and untimely.

The district court noted that it had already granted two extensions and found that Anderson "hasn't provided any facts to warrant an additional extension." The district court had the discretion to consider the foundation and timeliness of Anderson's motion. "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). *See also State v. Cagle*, 126 Idaho 794, 797, 891 P.2d 1054, 1057 (Ct. App. 1995) (holding that, when trial courts consider motions which may cause delay in the proceedings, the timing of the motion, length of the delay, and whether the delay is an attempt to manipulate proceedings are relevant factors in the trial court's consideration).

Anderson proffered no evidence as to what the additional witnesses and documentation would prove, nor did he request any specific length of delay. Based on the limited information provided by Anderson, the district court was within its discretion to find that Anderson's motion was unsupported and would have caused undue delay to the proceedings. Anderson has failed to show that the district court committed reversible error or otherwise failed to act consistently with applicable legal standards. Accordingly, the district court did not err in denying Anderson's motion for a continuance. Thus, even if he had a right to represent himself, Anderson would only have been able to provide argument against dismissal at the hearing, but no new evidence. Anderson was still searching for new evidence to support his arguments and therefore would not have avoided the summary dismissal of his petition.

## III.

## CONCLUSION

The district court did not err in denying Anderson's motions to proceed as a pro se litigant, dismiss court-appointed counsel, and extend time to prepare an amended petition. Accordingly, the district court's order denying the motions is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.