# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45692

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JONATHAN R. CHRISTIAN,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 17, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan and George D. Carey, District Judges.

Judgment of conviction for battery with the intent to commit a serious felony and attempted strangulation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jonathan R. Christian appeals from his judgment of conviction for battery with the intent to commit a serious felony and attempted strangulation. Christian asserts that the district court erred in denying his motion to withdraw his guilty pleas. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a domestic disturbance with his wife, Christian was charged with battery with intent to commit a serious felony, two counts of attempted strangulation, two counts of domestic battery with traumatic injury, misdemeanor false imprisonment, and misdemeanor intentional destruction of a telecommunication device. The State also alleged that Christian is a persistent

1

violator. The parties stipulated to mediate the case. The mediation resulted in a stipulated I.C.R. 11 agreement, which provided that Christian would plead guilty to battery with the intent to commit a serious felony and attempted strangulation, and the State would dismiss the remaining charges, the persistent violator enhancement, and two separate cases alleging Christian violated a no-contact order. The agreement also included "stipulated" concurrent sentences of fifteen years, with two years determinate. Christian signed the written plea agreement and a guilty plea advisory form the same day he entered his guilty pleas.[1]

On the date set for sentencing, Christian advised the district court that he wanted to withdraw his guilty pleas. The district court continued the sentencing hearing in order to allow Christian to file a written motion. Christian subsequently filed a motion to withdraw his guilty pleas along with a supporting memorandum in which he asserted that his pleas were involuntary because he was not medicated on the day of the mediation and, as a result, he was in "immense pain" that impaired his ability to "make an intelligent decision" and to understand that he was waiving his right to a jury trial. The district court denied Christian's motion to withdraw his guilty pleas and subsequently imposed the sentences contemplated by the mediated plea agreement. Christian appeals.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). The good faith, credibility, and weight of the defendant's assertions in support of a motion to withdraw a plea are matters for the trial court to decide. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008).

---

[1] Christian entered his guilty pleas pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).

## III.

## ANALYSIS

Christian contends that the district court failed to exercise reason when it denied his motion to withdraw his guilty pleas. According to Christian, the evidence he presented in support of his motion demonstrated his guilty pleas did not satisfy constitutional standards and, even if they did, he provided a just reason for withdrawal of his pleas. The State responds that the district court properly rejected Christian's stated basis for withdrawing his guilty pleas in light of the statements Christian made at the change of plea hearing and in the guilty plea advisory form and in light of the evidence presented at the hearing on Christian's motion. We hold that Christian has failed to show the district court abused its discretion in denying his motion to withdraw his guilty pleas.

Idaho Criminal Rule 33(c) governs the withdrawal of guilty pleas. The exercise of the trial court's discretion is affected by the timing of the motion to withdraw the plea. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. McFarland*, 130 Idaho 358, 361, 941 P.2d 330, 333 (Ct. App. 1997). Although a less rigorous standard applies if the motion is filed prior to sentencing, presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of showing that a just reason exists to withdraw the plea. *State v. Hawkins*, 117 Idaho 285, 289, 787 P.2d 271, 275 (1990); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000).

The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976); *Hanslovan*, 147 Idaho at 536, 211 P.3d at 781; *State v. Henderson*, 113 Idaho 411, 412, 744 P.2d 795, 796 (Ct. App. 1987). The determination that a plea is entered knowingly, intelligently, and voluntarily involves a three-part inquiry: (1) whether the defendant's plea was voluntary in the sense that he or she understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his or her accusers, and to refrain from self-incrimination; and (3) whether the defendant understood the consequences of pleading guilty. *State v. Dopp*, 124 Idaho 481, 484, 861 P.2d 51, 54 (1993); *Hawkins*, 117 Idaho at 288, 787 P.2d at 274; *State v. Carrasco*, 117 Idaho 295, 298, 787 P.2d 281, 284 (1990). On appeal, the voluntariness of the

guilty plea must be reasonably inferred from the record as a whole. *Hawkins*, 117 Idaho at 288, 787 P.2d at 274; *Carrasco*, 117 Idaho at 300, 787 P.2d at 286.

If the plea is constitutionally valid, the second step in analyzing a motion to withdraw a guilty plea is to determine whether the defendant has shown another just reason for withdrawing the plea. *State v. Anderson*, 156 Idaho 230, 233, 322 P.3d 312, 315 (Ct. App. 2014). The just reason standard does not require the defendant to establish manifest injustice or a constitutional defect in the guilty plea. *Id.* However, the defendant's failure to present and support a plausible reason for withdrawing a guilty plea will dictate against granting withdrawal, even absent a showing of prejudice by the State. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Henderson*, 113 Idaho at 414, 744 P.2d at 798.

In support of his motion to withdraw his guilty pleas, Christian specifically alleged that his guilty pleas were "involuntary due to his lack of understanding the gravity of what he was signing while under stress from immense pain" he was experiencing as a result of not taking his pain medications on the day of mediation. Christian further asserted that "without medication he was not able to make an intelligent decision and did not understand that he was waiving a jury trial." At the hearing on his motion, Christian provided medical records that indicated he had not been given three prescribed medications on the morning of mediation but was given two of them, including pain medication, thirty minutes before the change of plea hearing. Christian testified that, without the medication, he was in "tremendous pain" and felt "pressured" and wished he had his medications so he would not have to "deal with it." Christian further testified that, although he was able to take some of his medication prior to the change of plea hearing, it had not taken effect by the time of the hearing. Christian reiterated that he "felt a lot of pressure that day" and wanted "another shot" at mediation "without that type of pain." On cross-examination, Christian said he did not know why he did not request more time because of his pain and admitted he did not tell his attorneys he was in pain. The district court also inquired of Christian. The district court asked Christian about the responses on his guilty plea advisory form in which he indicated he was capable of understanding the proceedings and denied taking any prescription medications. Christian responded that he felt "pressured to hurry up and just to please the court," that he had a lot "going on" in his body that he could not explain, and that he thought one of the

4

questions relating to medication was about mental health medications and the other was about illegal drugs.

The State called an expert witness in pharmacology to respond to Christian's testimony. The expert reviewed the medication records submitted by Christian and testified that missing one dose of Christian's medications would not have led to "a debilitation" given the length of treatment and the half-life of the respective drugs. The expert testified without objection that, based on his training and experience, Christian could have entered knowing and voluntary guilty pleas despite having missed his morning dose of medications. The expert further opined that, if Christian's pain was debilitating, "it would be very obvious to those who are around him" and "if there were no comments made about that or nothing specifically referencing that," then Christian's pain was not debilitating.

The district court entered a written decision denying Christian's motion. In denying the motion, the district court noted the written plea agreement and the guilty plea advisory form signed by Christian. The district court also noted Christian's representation at the change of plea hearing that his guilty pleas were free and voluntary. Finally, the district court recited the uncontroverted expert testimony that, had Christian been suffering from debilitating pain at the time he entered his guilty pleas, "it would have been physically obvious to all in the courtroom," but no one, including Christian, mentioned the pain at the time Christian entered his guilty pleas. The district court, therefore, concluded that Christian failed to demonstrate that he did not understand the consequences of pleading guilty and was not entitled to withdraw his guilty pleas.

On appeal, Christian argues that his motion to withdraw his guilty pleas should have been granted in light of his testimony that he was in pain and the documentary evidence reflecting that he missed his morning doses of medication on the day he entered his pleas.[2] The district court rejected Christian's assertions in this regard in light of the written plea agreement, the guilty plea advisory form, and Christian's statements and behavior at the time he entered his guilty pleas.

---

[2] Christian also presents argument that his guilty pleas were "undermined by the apparent conflict" he had with counsel and his "protestations of innocence" indicating a lack of understanding of the intent element. We decline to consider these arguments as they were not bases for Christian's motion to withdraw his guilty pleas. Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).

The written plea agreement, which Christian signed, included the terms of the plea agreement and an acknowledgment that Christian read the agreement and was entering into the agreement knowingly, voluntarily, intelligently, and without threat or coercion. The signed plea agreement also included acknowledgements that Christian was aware of the maximum penalties associated with the crimes to which he was pleading guilty and the constitutional rights he would waive by pleading guilty, including his right to a jury trial. Christian also signed a written guilty plea advisory form, which included acknowledgments similar to those contained in the written plea agreement. In particular, Christian initialed the paragraphs describing the rights he was waiving by pleading guilty, including the right to a jury trial. Christian also marked "yes" in response to the questions inquiring whether he was capable of understanding the proceedings and whether he was entering his pleas freely and voluntarily. Conversely, Christian marked "no" in response to the questions whether there was anything going on in his life that affected his ability to enter voluntary guilty pleas, whether he was having difficulty understanding what he was doing by completing the advisory form, and whether there was any reason he could not make a reasoned and informed decision.

Consistent with the written plea agreement and advisory form signed by Christian at the change of plea hearing, Christian affirmed he acknowledged the rights he was waiving by pleading guilty, including his right to a trial. Christian also advised the district court that he was pleading guilty voluntarily. At no time during the change of plea hearing did Christian advise the district court that he was in pain, although when asked whether he was "taking any medication now," Christian answered "no." When asked about some of the inconsistencies between the written answers Christian submitted in conjunction with his guilty pleas and his subsequent claims in support of his motion to withdraw those pleas, Christian provided explanations the district court was free to reject in assessing Christian's credibility. The district court was also free to rely on the expert testimony presented by the State, which was uncontroverted and admitted without objection. To the extent Christian contends the district court erred in doing so, his claim lacks merit.

Finally, Christian argues that the district court erred because it did not appear to consider that it could grant his motion to withdraw his guilty pleas under a "lesser" just reason standard even if the guilty pleas passed constitutional muster. We disagree. Although the district court

6

did not recite the just reason standard, it is apparent from the district court's decision that it concluded Christian failed to support a plausible reason for withdrawing his guilty pleas. *See Dopp*, 124 Idaho at 485, 861 P.2d at 55. Thus, Christian has shown no error in the district court's decision denying his motion to withdraw his guilty pleas.

## IV.

## CONCLUSION

Christian has failed to show the district court abused its discretion by denying his motion to withdraw his guilty pleas. Therefore, his judgment of conviction for battery with the intent to commit a serious felony and attempted strangulation is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.